**Steven Alan POWELL, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A04–0804–CR–219.

Court of Appeals of Indiana.

Nov. 6, 2008.

David W. Stone, IV Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

HOFFMAN, Senior Judge.

Steven Powell appeals the sentence imposed after he pleaded guilty to one count of attempted child molesting as a Class A felony and one count of child molesting as a Class C felony. We affirm.

The sole issue for our review is whether the trial court erred in sentencing Powell.

In November 2007, the State charged Powell with three counts of child molesting as Class A felonies and one count of child molesting as a Class C felony for molesting his stepdaughter from August 2005 through September 2006 when she was eleven and twelve years old. Two months later, Powell entered into a plea agreement with the State wherein he agreed to plead guilty to an amended count of child molesting as a class A felony for attempting to perform sexual intercourse with his stepdaughter when she was under fourteen years old and child molesting as a Class C felony for fondling or touching her with the intent to arouse or satisfy his sexual desires when she was under fourteen years old. In exchange for Powell's guilty plea, the State agreed to dismiss the remaining two counts of child molesting as Class A felonies.

Following guilty plea and sentencing hearings, the trial court found Powell's guilty plea, his lack of criminal history, his expression of remorse, and the fact that he was supporting his family as mitigating circumstances. The court also found that the violation of his position of trust with the victim, his commission of multiple acts of molestation, and his attempts to blame the victim for his actions were aggravating circumstances. The court sentenced Powell to thirty-seven years for the Class A felony and six years for the Class C felony and ordered the sentences to run consecutively. Powell appeals his sentence.

■ At the outset, we note that because the offenses in this case were committed after the April 25, 2005, revisions to the

sentencing statutes, we review King's sentence under the advisory sentencing scheme. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind.2007). When evaluating sentencing challenges under the advisory sentencing scheme, we first confirm that the trial court issued the required sentencing statement, which includes a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. *Id.* at 490. If the recitation includes a finding of aggravating or mitigating circumstances, the statement must identify all significant mitigating and aggravating circumstances and explain why each circumstance has been determined to be mitigating or aggravating. *Id.*

So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion. *Id.* An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. *Id.* Another example includes entering a sentencing statement that explains reasons for imposing a sentence, including aggravating and mitigating factors, which are not supported by the record. *Id.* at 490–91.

Because the trial court no longer has any obligation to weigh aggravating and mitigating factors against each other when imposing a sentence, a trial court cannot now be said to have abused its discretion in failing to properly weigh such factors. *Id.* at 491. This is so because once the trial court has entered a sentencing statement, which may or may not include the existence of aggravating and mitigat-

ing factors, it may then impose any sentence that is authorized by statute and permitted under the Indiana Constitution. *Id.*

This does not mean that criminal defendants have no recourse in challenging sentences they believe are excessive. *Id.* Although a trial court may have acted within its lawful discretion in determining a sentence, Appellate Rule 7(B) provides that the appellate court may revise a sentence authorized by statute if the appellate court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Id.* It is on this basis alone that a criminal defendant may now challenge his sentence where the trial court has entered a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing the particular sentence that is supported by the record, and the reasons are not improper as a matter of law. *Id.*

Here, Powell first argues that the trial court failed to consider his guilty plea and lack of criminal history as mitigating factors. However, our review of the trial court's sentencing statement reveals that the court did consider these factors to be mitigators. To the extent that Powell is arguing that the trial court failed to properly weigh these factors, this argument is no longer available under the advisory sentencing scheme. *See id.* We further note that a guilty plea does not automatically amount to a significant mitigating factor. *Sensback v. State*, 720 N.E.2d 1160, 1165 (Ind.1999). For example, a guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to

plead guilty is merely a pragmatic one. *Wells v. State,* 836 N.E.2d 475, 479 (Ind. Ct.App.2005), *trans. denied.* Here, the State dropped two Class A felony counts in exchange for Powell's guilty plea. In light of this substantial benefit to Powell, the trial court would not have erred had it failed to find Powell's guilty plea to be a mitigating factor.

■ Powell also argues the trial court erred in ordering his sentences to run consecutively because "[his] actions involved the same girl and essentially the same conduct." Appellant's Br. at 3. Pursuant to Indiana Code Section 35–50–1–2, the trial court may order terms of imprisonment to be served consecutively. The basis for the gross impact that consecutive sentences may have is the moral principle that each separate and distinct criminal act deserves a separately experienced punishment. *Hart v. State,* 829 N.E.2d 541, 545 (Ind.Ct.App.2005). Here, Powell not only attempted to perform sexual intercourse with his stepdaughter he also fondled or touched her with the intent to arouse or satisfy his sexual desires on another occasion. The trial court did not err in imposing consecutive sentences for these separate and distinct acts.

■ Lastly, Powell argues that his sentence is inappropriate. When reviewing a sentence imposed by the trial court, we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(b). Here, with regard to the character of the offender, Powell molested his stepdaughter, who believed that she was his biological daughter, during the course of a year

when she was eleven and twelve years old. In a statement to the police, Powell blamed the victim for his actions. Specifically, Powell told the officer that his stepdaughter rubbed herself against him and asked him to have sexual intercourse with her. With regard to the nature of the offense, during the course of a year, Powell repeatedly molested his stepdaughter. At the sentencing hearing, the victim testified that she felt like her "whole kingdom came tumbling down" after the molestations. Tr. at 48. Based upon our review of the evidence, we see nothing in the character of this offender or in the nature of this offense that would suggest that Powell's sentence is inappropriate.

Affirmed.

MAY, J., and BAILEY, J., concur.