**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana



FILED
Apr 18 2012, 9:31 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

JUSTIN A. STAPLES,               )
                                 )
    Appellant-Defendant,      )
                                 )
       vs.               )      No. 90A04-1109-CR-490
                                 )
STATE OF INDIANA,                )
                                 )
    Appellee-Plaintiff.       )

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable Kenton W. Kiracofe, Judge
Cause No. 90C01-0807-FD-62

**April 18, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellant-Defendant, Justin A. Staples (Staples), appeals his sentence for aiding, inducing, or causing theft, a Class D felony, Ind. Code § 35-43-4-2.

We affirm.

## ISSUE

Staples raises one issue on appeal, which we restate as: Whether Staples' sentence is appropriate in light of his character and the nature of the crime.

## FACTS AND PROCEDURAL HISTORY

On May 13, 2008, while at a Wal-Mart in Blufton, Indiana, Staples removed a security device from a digital camera. He then handed the camera to Cheryl Smith (Smith), who took it out of the store without paying for it. On July 17, 2008, the State filed an Information charging Staples with aiding, inducing, or causing theft, a Class D felony. On July 21, 2011, Staples pled guilty without the benefit of a written guilty plea. Pursuant to an oral agreement—which is not disputed by the State—the State agreed not to make a recommendation on sentencing. On September 20, 2011, the trial court conducted a sentencing hearing and stated as follows:

> [I]n reviewing the presentence investigation report and considering the arguments of counsel and the testimony of [Staples] today, the [c]ourt does after considering the sentencing factors find as aggravating factors that he has a history of criminal or delinquent behavior in that his criminal history has spanned almost 20 years. [Defense counsel] points out that he has only one felony in his past, but I can't help but ignore the fact that he admitted and was sentenced on a felony while awaiting disposition in this matter, the theft in Madison County. In addition, he committed, and this is another aggravating factor is he violated the conditions of his probation, parole, pardon, community corrections, placement on pretrial release granted to the

2

person, when he committed a felony he also committed a misdemeanor offense while awaiting disposition of this matter. So he has committed two new law violations and by my account has been arrested at least five times while awaiting disposition of this matter. The [c]ourt finds no mitigating, statutory mitigating factors favoring suspending of the sentence and imposing probation. I think his attitude regarding the nature of these offenses are summed up pretty fairly by the fact that he didn't even bother to call [p]robation that he was hospitalized in the State of Kentucky and did not participate in the presentence investigation report. Therefore, they were not able to get his input on many of the items necessary to make a determination in the presentence investigation report. Quite frankly, I find his attitude on the witness stand today, the fact that he failed to I think more than once was asked if he committed new violations while he was awaiting disposition and he said no and tried to argue that point with the [State], despite clear record he had in this presentence investigation report. I think it shows some level of unrepentant about his activities.

(Transcript pp. 30-31). At the close of the sentencing hearing, the trial court sentenced Staples to three years executed, to run consecutive to sentences imposed in three other cause numbers.

Staples now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Staples contends that the trial court abused its discretion when it imposed a three year sentence for his conviction for aiding, inducing, or causing theft, a Class D felony. A person who commits a Class D felony shall be imprisoned for a fixed term of between six months and three years, with the advisory sentence being one and one-half years. I.C. § 35-50-2-7. Here, the trial court imposed the maximum sentence under the statute.

As long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *aff'd on reh'g,* 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is

3

clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*. Although a trial court may have acted within its lawful discretion in determining a sentence, Appellate Rule 7(B) provides that the appellate court may revise a sentence authorized by statute if the appellate court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Id*. On appeal, it is the defendant's burden to persuade us that the sentence imposed by the trial court is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

With respect to the nature of his crime, Staples argues that he should not be given the maximum sentence because he was not the most culpable since it was Smith who actually stole the camera. While we do not dispute that Smith's actions completed the theft, it should be noted that Staples' actions substantially contributed to the crime. Specifically, Staples removed the security device which enabled Smith to take the camera out of the store.

Turning to his character, we reach a similar result. At the time of sentencing, Staples was thirty-four years old, with a juvenile and adult criminal history spanning twenty years. Furthermore, while he was out on bond in the instant cause, he was arrested at least five times and convicted of three new crimes in two cases. In both cases, Staples received probation; in both cases, he subsequently violated his probation. While he now points to his guilty plea as evidence of good character, we find the argument misplaced. Not only did it take three years for him to enter a guilty plea, we have also previously acknowledged that, like in the instant case, "a guilty plea does not rise to the

4

level of significant mitigation where . . . the decision to plead guilty is merely a pragmatic one." *Powell v. State*, 895 N.E.2d 1259, 1262-63 (Ind. Ct. App. 2008). As a final argument, Staples asserts that "it cannot be overlooked that [he] is battling cancer[.]" (Appellant's Br. p. 8). While we sympathize with his battle, we note that he was diagnosed over fifteen years ago and despite of his condition, has continued a life of crime. Based on the evidence before us, we affirm the trial court's imposition of a three year sentence.

## CONCLUSION

Based on the foregoing, we conclude that Staples' sentence is appropriate in light of his character and the nature of the crime.

Affirmed.

NAJAM, J. and DARDEN, J. concur