**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**CHRISTOPHER A. CAGE**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

FILED

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM D. EVERAGE, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A04-1207-CR-391 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Thomas Newman, Jr., Judge
Cause Nos. 48C03-1204-FA-625 and 48C03-1203-FD-557

**March 27, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant William Everage, Jr., appeals from the 253-year aggregate sentence imposed following his convictions for acts committed against five child victims: twelve counts of Class A felony child molesting, three counts of Class B felony criminal deviate conduct, two counts of Class C felony child exploitation, Class C felony vicarious sexual gratification, and Class D felony performing sexual conduct in the presence of a minor. Everage contends that the trial court abused its discretion in failing to assign more mitigating weight to his guilty pleas and that his aggregate sentence is inappropriately harsh. Concluding that the trial court did not abuse its discretion in sentencing Everage and that he has failed to establish that his sentence is inappropriate, we affirm.

**FACTS AND PROCEDURAL HISTORY**

In March of 2012, the Anderson Police Department received several reports of child molestation involving Everage, including allegations of intercourse, oral sex, digital penetration, and children being forced to watch adult pornography and engage in sexual activity with one another. Police interviewed several alleged victims.

Twelve-year-old K.E., Everage's niece, indicated that she and Everage had engaged in sexual intercourse twice, he had inserted his fingers into her vagina several times, and she would occasionally awaken to find him attempting to insert a vibrator into her vagina. K.E. indicated that eight-year-old N.M., for whom Everage babysat, was made to touch K.E.'s genitals and that Everage would rub strawberry jelly on K.E.'s vagina and then lick it off. K.E. indicated that she would awaken to find Everage masturbating in her room and that she

2

had masturbated him "until white stuff came out." Tr. p. 16. Police interviewed Everage after he was advised of his rights and waived them.

With respect to K.E., Everage admitted that he had digitally penetrated her two or three times, watched adult pornography with her, watched as she inserted small bowling pins into her vagina, and masturbated in front of her. Everage admitted that K.E. had masturbated him to ejaculation and that he had kissed her neck and ears and had her do the same to him. For acts committed against K.E., Everage was eventually charged with three counts of Class A felony child molesting.

Everage admitted that he had digitally penetrated N.M.'s vagina two to three times, watched child and adult pornography with her, performed oral sex on her, and "stuck his penis in her mouth." Tr. p. 18. Everage admitted that he had engaged in sexual intercourse with her and masturbated in front of her. For acts committed against N.M., Everage was eventually charged with two counts of Class A felony child molesting and Class C felony child exploitation.

Everage admitted that he had digitally penetrated eight-year-old A.H.'s vagina at least two times. Everage admitted that he had watched child and adult pornography with A.H., caused her to engage in oral sex with N.M., taken baths with her, and masturbated in front of her. For acts committed against A.H., Everage was charged with two counts of Class A felony child molesting and Class C felony child exploitation.

Everage admitted that he had digitally penetrated eleven-year-old A.T.'s vagina two or three times and watched child and adult pornography with her. Everage admitted that he had

watched A.T.'s mother perform oral sex on her, drank with A.T. and her mother while all three were naked, masturbated in front of A.T., and performed oral sex on her. For acts committed against A.T., Everage was eventually charged with three counts of Class A felony child molesting.

Everage admitted that he had also molested twelve-year-old A.L., who at the time had not come forward. Everage admitted that he had performed oral sex on A.L. six or seven times, watched pornography with him, and masturbated in front of him. A.L. is autistic and suffers from bipolar disorder and ADHD. For acts committed against A.L., Everage was eventually charged with two counts of Class A felony child molesting, Class C felony vicarious sexual gratification, and Class D felony performing sexual conduct in the presence of a minor.

In cause number 48C03-1203-FD-557 ("Cause 557"), the State charged Everage with Class D felony failure to register as a sex offender. On May 22, 2012, in cause number 48C03-1204-FA-625 ("Cause 625"), the State charged Everage with twelve counts of Class A felony child molesting, three counts of Class B felony criminal deviate conduct, two counts of Class C felony child exploitation, Class C felony vicarious sexual gratification, and Class D felony performing sexual conduct in the presence of a minor.

On June 18, Everage pled guilty to all twenty charges against him, without the benefit of a plea agreement. On July 2, 2012, the trial court imposed maximum sentences for all convictions and ordered an aggregate sentence of 253 years of incarceration. To summarize how the trial court arrived at Everage's sentence: Everage pled guilty to at least two Class A

felonies related to each of his five victims, and the trial court ordered that all charges related to each of the five victims would run concurrent with one another but consecutive to the sentences for the other four victims. Therefore, Everage received fifty years for each victim and the resulting sentence was 250 years of incarceration for Cause 625. The trial court also imposed a three-year sentence for Everage's failure to register as a sex offender conviction in Cause 557 and ordered that it be served consecutive to the sentence in Cause 625. The trial court found Everage's criminal record and the multiple offenses involving multiple victims to be aggravating circumstances. The trial court found Everage's guilty plea to be mitigating but also that it was "de minimus considering - - considering the evidence that was against him." Tr. p. 52.

## DISCUSSION AND DECISION

### I. Whether the Trial Court Abused its Discretion in Sentencing Everage

Under our current sentencing scheme, "the trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2008). We review the sentence for an abuse of discretion. *Id*. An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances." *Id*.

A trial court abuses its discretion if it (1) fails "to enter a sentencing statement at all[,]" (2) enters "a sentencing statement that explains reasons for imposing a sentence– including a finding of aggravating and mitigating factors if any–but the record does not

support the reasons," (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration," or (4) considers reasons that "are improper as a matter of law." *Id.* at 490-91. If the trial court has abused its discretion, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491. However, under the new statutory scheme, the relative weight or value assignable to reasons properly found, or to those which should have been found, is not subject to review for abuse of discretion. *Id.*

Everage argues that the trial court did not give his guilty plea and cooperation sufficient mitigating weight. As mentioned above, however, the relative weight or value given to aggravating or mitigating circumstances is not subject to review for an abuse of discretion. *See id.* Moreover, as the trial court noted, there was no shortage of evidence against Everage, even discounting his confession. Several victims were likely prepared to testify against him, and it seems that much of that evidence would have corroborated evidence from the other victims. "[A] guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one." *Powell v. State*, 895 N.E.2d 1259, 1262-63 (Ind. Ct. App. 2008), *trans. denied*. Everage has failed to establish that the trial court abused its discretion in sentencing him.

## II. Whether Everage's Sentence is Inappropriate

We "may revise a sentence authorized by statute if, after due consideration of the trial

court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In addition to the "due consideration" we are required to give to the trial court's sentencing decision, "we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). As previously mentioned, the trial court sentenced Everage to an aggregate 253 years of incarceration.

The nature of Everage's offenses was, to say the least, egregious. Everage was convicted of nineteen counts related to five victims, twelve counts of which were Class A felony child molesting. Not only did Everage repeatedly molest all of his five victims, he introduced them all to pornography and caused some of them to engage in sexual activity with one another. At *best*, Everage has only forever stolen the innocence of his victims. As if that were not bad enough, Everage's crimes also involved violations of trust, exploitation, and manipulation. One of the victims was Everage's niece and another was placed in his care

7

by the victim's mother, who had hired Everage to babysit. One of Everage's victims was disabled, being autistic and suffering from bipolar disorder and ADHD. One victim was "tricked" into not coming forward by Everage's claims that her mother would get in trouble if she did. Tr. p. 45. At least two of Everage's victims have undergone therapy and at least one has received medication related to her molestation. It is difficult to imagine a more egregious child molester than Everage. The nature of Everage's crimes justifies enhanced, consecutive sentences.

Everage's character also justifies enhanced punishment. Everage has a lengthy criminal history, much of it related to child molesting, with gaps in his criminal record generally coinciding with periods of incarceration. Everage has been convicted of felonies on four prior occasions and misdemeanors on four prior occasions. Everage has twice been imprisoned for previous child molesting convictions. Everage has been found in violation of the terms of probation on four previous occasions. Additionally, Everage admitted to molesting three additional victims multiple times when he was seventeen, crimes for which he was never charged. Despite Everage's numerous criminal convictions and periods of incarceration, his frequent probation violations and continuing criminal activity indicates that he is unwilling to conform his behavior to societal norms. It seems that the only way to protect the public from Everage is to lock him up.

While 253 years is a lengthy sentence, we feel that the aggregate sentence needs to be evaluated in light of the number of victims. The Indiana Supreme Court has observed that "when the perpetrator commits the same offense against two victims, enhanced and

8

consecutive sentences seem necessary to vindicate the fact that there were separate harms and separate acts against more than one person." *Serino v. State*, 798 N.E.2d 852, 857 (Ind. 2003). It follows that if the aggregate sentences for each of the five victims are appropriate, the final aggregate sentence is also appropriate.

Essentially, Everage received a fifty-year sentence for each victim. Even though Everage does not seem to have occupied a special position of trust with all of his victims and only one seems to be disabled, Everage was convicted of committing no fewer than two counts of Class A felony child molesting against each victim, and was convicted of committing three against K.E. and A.T. Everage also admitted that he had shown pornography to and masturbated in front of all of his victims. Given the multiple acts of molestation against each of the victims and Everage's inability to refrain from harming children, Everage has failed to convince us that the fifty-year sentences he received for crimes committed against each of his five victims are inappropriate. Consequently, Everage has failed to establish that his 253-year aggregate sentence is inappropriate.

We affirm the judgment of the trial court.

NAJAM, J., concurs.

FRIEDLANDER, J., concurs with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

WILLIAM D. EVERAGE, JR.,         )
                       )

    Appellant - Defendant,      )
                       )

        vs.             )     No. 48A04-1207-CR-391
                       )

STATE OF INDIANA,          )
                       )

    Appellee - Plaintiff.       )
                       )

FRIEDLANDER, Judge, concurring

I fully concur in the opinion, but write separately to express a few thoughts about the sentence in this case and my vote to affirm it. I believe there is a temptation in cases where a lengthy sentence is under review to view that sentence with something approaching skepticism. But, just as the law should not countenance indiscriminately "throwing the book" at a defendant convicted of particularly heinous offenses, neither should it do the opposite – i.e., reduce a lengthy sentence merely because it is long.

I write separately to emphasize that my vote to affirm does not represent a reflexive rubber stamp of a lengthy sentence merely upon the basis that the acts Everage committed

were so numerous and depraved as to be almost inconceivable.[1]  Rather, as I consider the number of victims, as well as the number and nature of the depraved acts committed against each of those young victims over a period of time, my measured judgment is that this sentence, notwithstanding its extreme length, is not inappropriate. *See., e.g*, *Lavoie v. State*, 903 N.E.2d 135, 142 (Ind. Ct. App. 2009) (affirming a seventy-one year sentence for sex crimes that were "particularly depraved and [of a] heinous nature" and committed against a single victim).

---

[1]  I certainly do not mean to imply that any of my colleagues on the Court of Appeals vote reflexively. I merely wish to explain my own views and practice in this respect.