**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 16 2015, 9:58 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KATHIE A. PERRY**
Sovich Minch, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GRAHAM T. YOUNGS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JAMES LEE ATWOOD, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 73A04-1406-CR-293 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE SHELBY SUPERIOR COURT
The Honorable David N. Riggins, Judge
Cause No. 73D02-1307-FD-264

**January 16, 2015**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

James Atwood pled guilty to resisting law enforcement, a Class D felony, and was sentenced to three years with 540 days to be executed in the Indiana Department of Correction ("DOC") and the remainder suspended to probation. He now raises one issue for our review: whether his placement in the DOC rather than a community corrections program makes his sentence inappropriate in light of the nature of his offense and his character. Concluding that Atwood's sentence is not inappropriate, we affirm.

## Facts and Procedural History

On July 20, 2013, Atwood was riding his moped down a road in Shelby County when he swerved across both lanes of traffic and nearly struck another moped. Nearby police officers who observed the incident stepped into the road in order to speak with Atwood and check him for intoxication. Although the police officers identified themselves, waved, and told him to stop, Atwood turned sharply into an alley, attempting to get away. He did not want to stop, because he had been drinking. Atwood was soon apprehended.

The State charged Atwood with resisting law enforcement as a Class D felony for use of a vehicle in committing the offense; resisting law enforcement as a Class A misdemeanor; and failure to stop at the scene of an accident resulting in non-vehicle property damage, a Class B misdemeanor. Pursuant to a plea agreement, Atwood pled guilty to resisting law enforcement as a Class D felony in exchange for dismissal of the remaining counts. The parties agreed to a three-year sentence, with no more than two years executed, subject to the trial court's discretion in choosing the placement location.

In sentencing Atwood, the trial court considered the nature of Atwood's offense and his criminal history as aggravating factors and considered Atwood's guilty plea as a mitigating factor. It then sentenced Atwood to three years, consisting of 540 days executed in the DOC and the remainder suspended to probation. Atwood now appeals his sentence.

Discussion and Decision

I. Standard of Review

"[T]he Indiana Constitution authorizes independent appellate review and revision of a trial court's sentencing decision," Brown v. State, 10 N.E.3d 1, 4 (Ind. 2014), including "[t]he place that a sentence is to be served," Biddinger v. State, 868 N.E.2d 407, 414 (Ind. 2007). This court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "[T]he question under Appellate Rule 7(B) is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate." King v. State, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (citations omitted) (emphasis in original).

II. Atwood's Sentence

Atwood was convicted of resisting law enforcement as a Class D felony. See Ind. Code § 35-44.1-3-1(a)(3), (b)(1)(A) (2013) (resisting law enforcement using a vehicle is a Class D felony). At the time of Atwood's offense, Class D felonies had a sentencing range between six months and three years with an advisory sentence of one and one-half years.

3

Ind. Code § 35-50-2-7(a) (2013). Atwood was sentenced to three years, of which approximately one and one-half years were to be executed in the DOC. Atwood argues that several mitigating factors were presented to the trial court which make his placement in the DOC rather than a community corrections program to serve his executed term inappropriate in light of the nature of his offense and his character as laid out in Appellate Rule 7(B).

Our review of the nature of Atwood's offense reveals that Atwood used poor judgment in trying to evade the police on a moped. Although his actions could have caused injury to himself and others, his failure to stop for the police was not particularly egregious, as he was apprehended quickly and no injuries were inflicted on others.

Our review of Atwood's character reveals that he has not been a law-abiding citizen. At the time of Atwood's offense, he had an extensive criminal history. Atwood's criminal history spans over a period of a decade and includes the following: three convictions of battery; intimidation; failure to return to lawful detention; theft; two convictions of possession of marijuana; public intoxication; two convictions of operating a vehicle while intoxicated; operating a vehicle without ever receiving a license; failure to stop after accident resulting in serious bodily injury; two convictions of operating a vehicle as an habitual traffic violator; and, two convictions of resisting law enforcement. See Wells v. State, 2 N.E.3d 123, 131 (Ind. Ct. App. 2014) (when considering the character of an offender, the significance of a defendant's criminal history is a factor, and it is dependent on the gravity, nature, and number of prior offenses as they relate to the current offense), trans. denied. Atwood's criminal history shows that he has particular problems with

4

substance abuse, abiding by this State's motor vehicle laws, and respecting authority, all of which concern his current conviction and are an indication that he has not learned from his previous offenses.

Atwood entered a plea of guilty with the understanding that he would serve no more than two years of his three year sentence as executed time. Atwood did this knowing that the trial court had the discretion to place him in the DOC rather than a community corrections program, and Atwood's plea provided him with a substantial benefit in that two additional counts were dismissed. See Powell v. State, 895 N.E.2d 1259, 1262-63 (Ind. Ct. App. 2008) ("[A] guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one."), trans. denied. Given that the plea's two year limit on Atwood's executed time was quite favorable and that Atwood's offense was witnessed by police officers, the decision to plead was merely a pragmatic one.

Although Atwood was remorseful for his actions, accepted responsibility by pleading guilty, and his incarceration could cause hardship on his daughter, those facts do not make his placement in the DOC inappropriate. It is true that these facts may have deserved some mitigating weight, and the trial court showed that by ordering 540 days of executed time, which is less than the time allowed under his plea agreement. The trial court could have placed Atwood in a community corrections facility if it found that placement location to be appropriate, but it decided to place him in the DOC instead. Atwood has not convinced us that his placement at the DOC is inappropriate. See King,

5

894 N.E.2d at 268 ("[T]he question under Appellate Rule 7(B) is not whether another sentence is <u>more</u> appropriate; rather, the question is whether the sentence imposed is inappropriate.") (emphasis in original).

Conclusion

In light of the nature of Atwood's offense and his character, we conclude that his three-year sentence at the DOC is not inappropriate. The sentence is affirmed.

Affirmed.

BAILEY, J., and BROWN, J., concur.