## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 21 2017, 6:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Randy M. Fisher
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brian C. Banks,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 21, 2017

Court of Appeals Case No.
02A05-1701-CR-55

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D06-1510-FB-11

**May, Judge.**

Brian C. Banks appeals his convictions of Class B felony sexual misconduct with a minor,[1] Level 4 felony sexual misconduct with a minor,[2] Class C felony sexual misconduct with a minor,[3] and Level 5 felony sexual misconduct with a minor.[4]  He argues the State did not present sufficient evidence he committed the crimes because the victim's testimony was incredibly dubious.  In addition, he argues the trial court abused its discretion when sentencing him and his sentence is inappropriate based on the nature of the offenses and Banks' character.  We affirm.

## Facts and Procedural History

Banks and his wife have two children, V.B. and M.B.  V.B. befriended K.C. and the two began dating in 2013, the summer before their freshmen year of high school.  While the pair were dating, K.C. became close with the Banks family and would spend time with them "at least once every other week."  (Tr. Vol. II at 41.)

Shortly after K.C.'s fifteenth birthday, in the winter of 2013, K.C. and V.B. decided to have sexual intercourse for the first time.  V.B., K.C., and Banks all went into V.B.'s room.  K.C. began to cry during sex with V.B. because it was

---

[1] Ind. Code § 35-42-4-9 (2007).

[2] Ind. Code § 35-42-4-9 (2014).

[3] Ind. Code § 35-42-4-9 (2007).

[4] Ind. Code § 35-42-4-9 (2014).

too painful, and the pair stopped. While V.B. went to the bathroom to dispose of the condom, Banks had sex with K.C.

[4] From that first encounter until spring of 2015, Banks would have sex with K.C. almost every time she was at the Banks residence, usually on a mattress in the basement with the basement door locked. During this time, Banks sent K.C. text messages saying he loved her and gave her multiple gifts, such as a handwritten card and love letter, a key to the family boat, a jewelry pendant key, Mickey Mouse items, and his class ring. In spring of 2015, V.B. broke up with K.C. Later during a get-together with a group of friends, K.C. told her friends that "[V.B.'s] dad had been having sex with me for about a year." (*Id*. at 91.) Within the next couple of weeks, K.C. told her counselor about the molestation, and the counselor informed police.

[5] The State charged Banks with two counts of Class B felony sexual misconduct with a minor, one count of Class C felony sexual misconduct with a minor,[5] two counts of Level 4 felony sexual misconduct with a minor, and one count of Level 5 felony sexual misconduct with a minor.[6] A jury found him guilty of one count each of Class B felony, Class C felony, Level 4 felony, and Level 5 felony sexual misconduct with a minor. The trial court sentenced Banks to ten

---

[5] The Class B felony and Class C felony charges were listed on the charging information as crimes committed between December 17, 2013 and June 30, 2014.

[6] The Level 4 felony and Level 5 felony charges were listed on the charging information as crimes committed between July 1, 2014 and December 16, 2014.

years executed for the Class B felony, six years executed for the Level 4 felony, four years executed for the Class C felony, and three years executed for the Level 5 felony. The trial court ordered all sentences served consecutively for an aggregate sentence of twenty-three years.

# Discussion and Decision

## Sufficiency of the Evidence

[6] When reviewing sufficiency of the evidence in support of a conviction, we do not reweigh evidence or reassess credibility of witnesses. *Walker v. State*, 998 N.E.2d 724, 726 (Ind. 2013). We consider only the probative evidence and reasonable inferences in the light most favorable to the judgment. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). The decision comes before us with a presumption of legitimacy, and we will not substitute our judgment for that of the fact-finder. *Binkley v. State*, 654 N.E.2d 736, 737 (Ind. 1995), *reh'g denied*. Conflicting evidence is considered most favorably to the verdict. *Drane*, 867 N.E.2d at 146. We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the verdict. *Id.* at 147.

[7] To prove Banks committed Class B felony sexual misconduct with a minor, the State had to prove beyond a reasonable doubt that Banks: (1) was at least twenty-one years of age, (2) performed or submitted to sexual intercourse or

deviate[7] sexual conduct, (3) with K.C., who was at least fourteen years of age but less than sixteen years of age. *See* Ind. Code § 35-42-4-9 (2007). To prove Banks committed Level 4 felony sexual misconduct with a minor, the State had to prove that Banks: (1) was at least twenty-one years of age, (2) performed or submitted to sexual intercourse or other sexual conduct, (3) with K.C., who was at least fourteen years of age but less than sixteen years of age. *See* Ind. Code § 35-42-4-9 (2014). To prove Banks committed Class C felony and Level 5 felony sexual misconduct with a minor, the State had to prove that Banks: (1) was at least twenty-one years of age, (2) performed or submitted to fondling or touching with K.C., (3) who was a child at least fourteen years of age but less than sixteen, (4) with the intent of arousing or satisfying the sexual desires of K.C. or Banks. *See* Ind. Code § 35-42-4-9(b)(1) (2007 & 2014).[8] Banks maintains his innocence and argues the State did not present sufficient evidence he committed sexual misconduct with a minor because K.C.'s testimony was incredibly dubious. We disagree.

[8] Under the incredible dubiosity rule, we may "impinge on the jury's responsibility to judge the credibility of the witness only when it has confronted 'inherently improbable testimony or coerced, equivocal, wholly uncorroborated

---

[7] We note that Indiana Code Section 35-42-4-9 changed on July 1, 2014. The only difference between the 2007 and 2014 versions of the statute is the change from "deviate sexual conduct" to "other sexual conduct (as defined in IC 35-31.5-2-221.5)" and the classification of the crimes into numbered "Levels" rather than lettered "Classes."

[8] It is undisputed Banks was older than twenty-one years at the time of the offenses.

testimony of incredible dubiosity.'" *Young v. State*, 973 N.E.2d 1225, 1226 (Ind. Ct. App. 2012) (quoting *Rodgers v. State*, 422 N.E.2d 1211, 1213 (Ind. 1981)), *reh'g denied, trans. denied*. In Indiana, the rule of incredible dubiosity requires that there be: "1) a sole testifying witness; 2) testimony that is inherently contradictory, equivocal, or the result of coercion; and 3) a complete absence of circumstantial evidence." *Moore v. State*, 27 N.E.3d 749, 756 (Ind. 2015). This rule is rarely applicable and should be applied here only if K.C.'s "testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it." *See Rose v. State*, 36 N.E.3d 1055, 1061 (Ind. Ct. App. 2015). Further, the witness's testimony must run "counter to human experience." *Campbell v. State*, 732 N.E.2d 197, 207 (Ind. Ct. App. 2000).

[9]  Banks asserts incredible dubiosity applies because K.C. was the only witness to testify to sexual contact between the two, parts of her testimony were contradicted by other witnesses, and her version of events was overall "unbelievable." (Appellant's Br. at 22.) Banks notes testimony from his family contradicts K.C.'s testimony. For example, Banks points to K.C.'s testimony that, during these sexual encounters, Banks would lock the basement door and have sex with her on a mattress. However, Banks argues, K.C. did not enter into evidence a picture of the mattress, the police did not find the mattress during a search of Banks' home, and Banks' family members denied there being a mattress in the basement or a lock on the basement door.

[10]  Next, Banks points to K.C.'s testimony that Banks gave her a key to the family's boat, whereas the Banks family testified their boat has an electronic

start which would not use a traditional key. They also testified K.C. was not present during M.B.'s birthday, the night K.C. said her first sexual encounter with both V.B. and Banks occurred. V.B. testified he and K.C. never had sexual intercourse during their relationship. K.C. also testified that, when she was at the Banks home, Banks would lure her away from the rest of the family by telling V.B. and M.B. to go finish chores or homework. In contrast, the Banks family testified K.C. was never present in the home before homework and chores were done, as that would be a violation of house rules. Finally, K.C. stated Banks gave her his class ring as a present. However, Mrs. Banks testified she had shown K.C. and V.B. the class ring, but then she never saw it again and she believed K.C. stole the ring.

[11] Banks also argues K.C.'s testimony is unbelievable. Specifically, he contends it is unbelievable that he would have sex with K.C. unnoticed while M.B.'s friends were at the house for a birthday party, that he had sex with K.C. multiple times in the basement when no DNA evidence was found in the basement and the basement door is near where Mrs. Banks watches TV, and that K.C. would not tell anyone about the abuse for over a year. Banks also asserts: "It goes against all logic and reason to believe a teenager would allow a parent to be present in the same room for any, let alone their first [sic] sexual intercourse experience." (*Id*. at 21-22.)

[12] None of Banks' arguments render K.C.'s testimony incredibly dubious. It is not inherently unusual that a sexual abuse victim would keep the abuse a secret for a year before divulging the story to a close group of friends. *Cf. Baumholser v.*

*State*, 62 N.E.3d 411, 415 (Ind. Ct. App. 2016) (expert witness "testified as to the propensity of victims of child molestation to delay disclosure of the event"), *trans. denied*. Further, it was the jury's responsibility to determine which testimony to believe. As K.C.'s testimony was not incredibly dubious, we decline Banks' invitation to invade the province of the jury by reweighing the evidence and reassessing witness credibility. *See Feyka v. State*, 972 N.E.2d 387, 394 (Ind. Ct. App. 2012), *trans. denied*. While the surrounding facts are somewhat unusual, they are not so counter to human experience that a reasonable jury could not have believed K.C.'s version of events.

[13] Nor is there an absence of circumstantial evidence in this case. Circumstantial evidence alone can sustain a verdict "if that circumstantial evidence supports a reasonable inference of guilt." *Maul v. State,* 731 N.E.2d 438, 439 (Ind. 2000). Our Indiana Supreme Court has also held "where there is circumstantial evidence of an individual's guilt, reliance on the incredible dubiosity rule is misplaced." *Moore*, 27 N.E.3d at 759. The State presented evidence that K.C. and Banks exchanged hundreds of text messages over the course of her and V.B.'s relationship; often in these message Banks would tell K.C. that he loved her. The State presented evidence that Banks gave K.C. multiple gifts over this time, such as his class ring, Mickey Mouse items, a key to the family boat, a jewelry pendant key, a handwritten card, and a letter from Banks to K.C. that professed Banks' love for her. As K.C.'s testimony was not inherently improbable or counter to human experience and there was circumstantial evidence of Banks' guilt, we hold K.C.'s testimony was not incredibly dubious.

Banks asks us to reweigh evidence and judge the credibility of witnesses, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court will not reweigh evidence or judge credibility of witnesses). As a conviction of child molesting may rest on the uncorroborated testimony of the victim, we hold the evidence was sufficient for the jury to find Banks guilty of sexual misconduct with a minor. *See, e.g., Young*, 973 N.E.2d at 1227 (child victim's testimony not incredibly dubious, despite inconsistencies between child's trial testimony and deposition testimony, when she testified in detail regarding multiple incidents of sexual contact between her and the defendant).

## Abuse of Discretion

Sentencing decisions rest within the sound discretion of the trial court and are reviewed only for abuse of discretion. *Amalfitano v. State*, 956 N.E.2d 208, 211 (Ind. Ct. App. 2011), *trans. denied*. To provide for meaningful appellate review, trial courts are required to enter reasonably detailed sentencing statements when imposing a sentence for a felony. *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (2007). A trial court may abuse its discretion when issuing a sentencing statement if: 1) it does not enter a sentencing statement at all, 2) the statement explains reasons for imposing a sentence but those reasons are not supported in the record, 3) the statement omits reasons clearly supported by the record that were advanced for consideration, or 4) reasons given in a statement are improper as a matter of law. *Id.* at 490-91. If a sentencing order lists aggravating and mitigating

circumstances, the order must identify all such circumstances and explain why each has been determined to be aggravating or mitigating. *Id.* at 490.

[16] The sentencing order listed two aggravating factors: 1) Banks' violation of K.C.'s trust, and 2) the nature and circumstances of the crimes committed. At sentencing, the trial court found the latter aggravator was "particularly egregious," (Tr. Vol. III at 115), based on the crimes he committed against K.C. for over a year. The trial court stated, "You did groom her . . . . You gained her trust, you gained her family's trust, and then you repeatedly and egregiously molested her," (*id.* at 116), and the court noted the fact that Banks sent K.C. multiple text messages saying he loved her, a handmade card, and a love letter.

[17] The sentencing order listed two mitigators: 1) no prior criminal history, and 2) the strong support from his family and friends. The trial court took Banks' lack of prior criminal history "at face value," (*id.* at 114), and did not "weigh it very heavily." (*Id.*) The court declined to accept as mitigators Banks' history of full-time employment and the hardship Banks' incarceration would have on the rest of his family. Banks argues on appeal that the trial court failed to identify or find significant and clearly supported mitigators.

[18] "An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Anglemyer*, 868 N.E.2d at 493. Banks asserts specifically that the trial court did not give proper weight to his lack of prior criminal history because the trial judge only took that mitigating

circumstance "at face value." (Appellant's Br. at 17). However, under the post-*Anglemyer* advisory sentencing scheme, we are no longer able to review an Appellant's argument that the trial court failed to properly weigh mitigating factors. *Powell v. State*, 895 N.E.2d 1259, 1262 (Ind. Ct. App. 2008), *trans. denied.* As the trial court found Banks' lack of criminal history to be a mitigating circumstance, we find that the trial court did not abuse its discretion. *See id*. at 1262 (trial court did consider defendant's lack of criminal history as a mitigating factor during sentencing).

## Inappropriate Sentencing

[19] Banks argues his twenty-three-year sentence is inappropriate under Indiana Appellate Rule 7(B). Under Appellate Rule 7(B), we may revise a sentence if, after due consideration of the trial court's decision, we find the sentence inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State,* 891 N.E.2d 621, 633 (Ind. Ct. App. 2008). Our review is deferential to the trial court's decision, and our goal is to determine whether the defendant's sentence is inappropriate, not if some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012), *reh'g denied.* The defendant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[20] When considering the nature of the offense, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer*, 868 N.E.2d at 494. The advisory sentence for a Class B felony is ten years, with the range

being six to twenty years. Ind. Code § 35-50-2-5 (2005). For a Level 4 felony, the advisory sentence is six years, and the range is two to twelve years. Ind. Code § 35-50-2-5.5 (2014). The advisory sentence for a Class C felony is four years, with the range being two to eight years. Ind. Code § 35-50-2-6 (2005). The advisory sentence for a Level 5 felony is three years, with the range being one to six years. Ind. Code § 35-50-2-6(b) (2014).

[21]     Banks received the advisory sentence for each conviction and the court ordered the sentences served consecutively for an aggregate sentence of twenty-three years, half of the total sentence possible for these offenses.[9] Banks was in a position of trust to the victim. He molested her multiple times from December 2013 through spring of 2015 while she was visiting his home. He gave her a handwritten card professing his love for her, and he text messaged the victim often enough that both her parents called Banks to attempt to end the inappropriate communication. At sentencing, the court heard a victim impact statement from K.C. in which she stated the multiple ways her personality changed after the abuse. K.C. wrote, "Once [Banks] started abusing me, I lost my energy, my sense of humor," (Tr. Vol. III at 107), and she was diagnosed with depression, anxiety, and PTSD. Because Banks violated the victim's trust

---

[9] Banks argues on appeal that the nature of his convicted crimes was not significant enough for the imposition of four consecutive sentences. "However, a single aggravating factor is sufficient to support the imposition of enhanced or consecutive sentences." *Hayden v. State*, 830 N.E.2d 923, 930 (Ind. Ct. App. 2005), *trans. denied*. The trial court found aggravating circumstances including the violation of the victim's trust and the nature and circumstances of the crimes committed. As such, the trial court did not err in ordering Banks' sentences served consecutively.

and was convicted for repeated sexual misconduct with a fifteen-year-old, we do not see his sentence as inappropriate.

[22] Regarding Banks' character, the trial court acknowledged Banks' lack of prior criminal history and strong support from his family and friends. Banks contends these factors, his history of involvement with his church, and his years of work at his job, all show his character in a positive light such that his sentence is inappropriate. Banks was in a position of trust with K.C., and he molested her repeatedly for over a year whenever she was a visitor in his home. Despite the convictions from the jury, Banks refused to show any remorse for his crimes. Accordingly, he has failed to demonstrate his character renders his sentence inappropriate. *See Hayden*, 830 N.E.2d at 930 (defendant's consecutive sentences for sexual misconduct with a minor not inappropriate when he was in a position of trust to his victims).

# Conclusion

[23] The State presented sufficient evidence Banks committed four counts of sexual misconduct with a minor. We may not review the weight the trial court assigned to the mitigating circumstances it found, and Banks' sentence is not inappropriate. We affirm.

[24] Affirmed.

Brown, J., and Pyle, J., concur.