# IN THE COURT OF APPEALS OF IOWA

No. 20-0602
Filed February 17, 2021

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**JUSTIN DEAL,**
　　Defendant-Appellant.

_____

　　Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

　　Justin Deal appeals his prison sentence. **AFFIRMED.**

　　Martha J. Lucey, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

　　Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

　　Considered by Mullins, P.J., and May and Schumacher, JJ.

**MAY, Judge.**

Justin Deal appeals his prison sentence. We affirm.

The State filed three trial informations against Deal. Ultimately, Deal was convicted of the following: (1) driving while barred as a habitual offender in case AGCR094875; (2) driving while barred as a habitual offender and theft in the second degree in case FECR095276; and (3) theft in the second degree and burglary in the third degree, both with the habitual offender enhancement, in case FECR095308. For each of these convictions, the court imposed a prison sentence. The court ran most of the sentences concurrently. As to the driving while barred conviction in AGCR094875, however, the court said this:

> As to case number AGCR094875, on the sole count of driving while barred, again, the court will state its reasons and rationale shortly. But suffice it to say I think that a two-year prison term is appropriate on the driving while barred. There are at least, according to the PSI, seven prior driving while barred convictions. And the court also detected approximately [eighteen] prior driving under suspension convictions. Thus far, nothing that the court has done by way of imposing sanctions has been an adequate deterrent. And I think nothing short of incarceration, frankly, will stop Mr. Deal from driving while his license is no good. This being a recidivist situation, I think that the prison term is appropriate. *Also, because this event occurred separately from the other two events, and represented separate facts, the court believes that the sentence imposed for case number [AGCR0]94875 should run consecutively to the sentence imposed in case number FECR095308.*

(Emphasis added.)

On appeal, Deal claims the district court provided inadequate reasons for imposing consecutive sentencing. "We review the district court's sentence for an abuse of discretion." *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016) (citation omitted).

"Iowa Rule of Criminal Procedure 2.23(3)(d) requires the district court to 'state on the record its reason for selecting the particular sentence.'" *Id.* at 273. "Rule 2.23(3)(d) applies to the district court's decision to impose consecutive sentences." *Id.* Our supreme court has said the purpose of requiring the sentencing court to state its reasons is to ensure "defendants are well aware of the consequences of their criminal actions" and to allow us "the opportunity to review the discretion of the sentencing court." *Id.* (citation omitted). "A terse and succinct statement is sufficient . . . when the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015).

Deal acknowledges the district court stated its reasons for consecutive sentencing, namely, that one of his crimes (driving while barred in AGCR094875) "occurred separately" and "represented separate facts" from some of his other crimes (theft and burglary in FECR095308). But Deal claims the district court was obligated to take an additional step and "adequately *explain why* separate facts call for consecutive sentences." (Emphasis added.) We disagree. Consecutive sentencing is based on "the principle that each separate and distinct criminal act should receive a separately experienced punishment." 24 C.J.S. *Criminal Procedure and Rights of Accused* § 2313 (2020 update). We think this is widely-understood. *See, e.g.*, *Powell v. State*, 895 N.E.2d 1259, 1263 (Ind. Ct. App. 2008) (describing this principle as a "moral principle"). The district court was not required to explain it further.

**AFFIRMED.**