Trenyon R. PAGE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A05–0702–CR–121.

Court of Appeals of Indiana.

Dec. 26, 2007.

Transfer Denied Feb. 22, 2008.

Daniel K. Whitehead, Yorktown, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Arturo Rodriguez II, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Trenyon Page appeals his sentence for three counts of robbery as class C felonies.[1] Page raises two issues, which we revise and restate as:

I. Whether the trial court abused its discretion in sentencing Page; and

II. Whether Page's sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

The relevant facts follow. In late October 2006, David Roy was sitting in his vehicle at a shopping mall in Madison County when a male approached Roy and asked him for directions. As the male was diverting Roy's attention, a second male approached, yanked the driver's door open,

1. Ind.Code § 35–42–5–1(1) (2004).

and said, "Give me your money and don't make me get out my switch blade." Transcript at 11. Roy attempted to start his vehicle and flee, but one of the males reached in and grabbed his car keys and started choking him. At that time, Roy handed over some of his change that he had in his vehicle to the males. Roy saw other people in the area and yelled for help, and the two males fled.

A short time later, Heather Johnson walked into the shopping mall but forgot something in her car and went back to the parking lot. A male approached her and asked her for directions to the IHOP restaurant. When she turned to assist the male, Page grabbed her purse and attempted to steal it from her. Johnson was unable to free herself from the purse because the straps were around her body. Page dragged Johnson to his vehicle where Charles Broadnax was waiting. Page got in the car and Johnson was dragged for a period of time, which resulted in severe bruising to her kidneys. Johnson eventually fell to the pavement, and Page let go of her.

Sometime later, Leah Chastain and her friend were at the Applewood Center in Madison County. A male approached them as they got into their car. One of the males asked them what they were doing and if they had any boyfriends. As their attention was diverted, another male approached on the driver's side and tried to open the driver's door, but Chastain locked the door. The male on the passenger side reached in and grabbed Chastain's purse, which contained credit cards,

identification, a cell phone, and twenty-five dollars.

Page and Broadnax attempted to use stolen credit cards at a shoe store in the mall, and employees of the shoe store called the police. Page and Broadnax resisted officers but were arrested. Page and Broadnax were in possession of Roy's car keys and Chastain's credit cards, cell phone, and identification. Roy identified Broadnax as one of the suspects that robbed him. Johnson identified Page as the male who robbed her and dragged her in the car. Chastain identified both Broadnax and Page as the men that robbed her and took her purse from the vehicle.

The State charged Page with three counts of robbery as class C felonies. Page pleaded guilty as charged. In exchange, the State promised not to file any additional or enhanced charges.[2] The trial court found Johnson's injury as an aggravator. The trial court found Page's criminal history, which consisted of only a weapons charge and another pending crime of violence, and age of nineteen years as mitigators. The trial court sentenced Page to four years for Count I, four years for Count II, and four years for Count III with two years suspended. The trial court ordered that the sentences be served consecutive to each other for a total executed sentence of ten years.

I.

█ The first issue is whether the trial court abused its discretion in sentencing Page. We note that Page's offenses were

2. The following exchange occurred at the sentencing hearing:

JUDGE: Is there a plea agreement, Mr. Reeder?

MR. REEDER [Page's Attorney]: No, Your Honor, other than the fact that the State has agreed that by Mr. Page pleading guilty

here today that they are not going to file any additional nor enhanced charges?

MS. SNYDER [Prosecutor]: That is correct, Your Honor. The State has an option for the B. We will not be filing that based upon his plea.

Transcript at 15.

committed after the April 25, 2005, revisions of the sentencing scheme. In clarifying these revisions, the Indiana Supreme Court has held that "the trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence." *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind.2007), *clarified* on *reh'g,* 875 N.E.2d 218 (Ind.2007). We review the sentence for an abuse of discretion. *Id.* An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances." *Id.*

■ A trial court abuses its discretion if it fails "to enter a sentencing statement at all," enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons," enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration," or considers reasons that "are improper as a matter of law." *Id.* at 490–491. If the trial court has abused its discretion, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491. However, under the new statutory scheme, the relative weight or value assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion. *Id.*

A. *Mitigators*

■ Page argues that the trial court failed to consider his acceptance of responsibility, guilty plea, and lack of criminal history as mitigators. "The finding of mitigating factors is not mandatory and rests within the discretion of the trial court." *O'Neill v. State,* 719 N.E.2d 1243, 1244

(Ind.1999). The trial court is not obligated to accept the defendant's arguments as to what constitutes a mitigating factor. *Gross v. State,* 769 N.E.2d 1136, 1140 (Ind. 2002). "Nor is the court required to give the same weight to proffered mitigating factors as the defendant does." *Id.* Further, the trial court is not obligated to explain why it did not find a factor to be significantly mitigating. *Sherwood v. State,* 749 N.E.2d 36, 38 (Ind.2001), *reh'g denied.* However, the trial court may "not ignore facts in the record that would mitigate an offense, and a failure to find mitigating circumstances that are clearly supported by the record may imply that the trial court failed to properly consider them." *Id.* An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Carter v. State,* 711 N.E.2d 835, 838 (Ind. 1999).

1. *Guilty Plea and Acceptance of Responsibility*

■ The trial court did not specifically identify Page's guilty plea and acceptance of responsibility as mitigating factors. The Indiana Supreme Court has recognized that a guilty plea is a significant mitigating circumstance in some circumstances. *Trueblood v. State,* 715 N.E.2d 1242, 1257 (Ind.1999), *reh'g denied,* *cert. denied,* 531 U.S. 858, 121 S.Ct. 143, 148 L.Ed.2d 94 (2000). Where the State reaps a substantial benefit from the defendant's act of pleading guilty, the defendant deserves to have a substantial benefit returned. *Sensback v. State,* 720 N.E.2d 1160, 1164 (Ind.1999). However, a guilty plea is not automatically a significant mitigating factor. *Id.* at 1165.

For example, in *Sensback,* the defendant argued that her guilty plea showed "accep-

tance of responsibility." *Id.* at 1164. However, the State argued that she received her benefit due in that the State dropped the robbery and auto theft counts in exchange for her guilty plea to the felony murder charge. *Id.* at 1165. The Indiana Supreme Court agreed with the State that the defendant "received benefits for her plea adequate to permit the trial court to conclude that her plea did not constitute a significant mitigating factor." *Id.*

Here, Page received significant benefits from his guilty plea. In exchange for his guilty plea, the State promised not to file any additional or enhanced charges. Specifically, the State agreed not to file B felony charges. Thus, Page received a significant benefit from his guilty plea, and the trial court did not abuse its discretion by not identifying Page's guilty plea and acceptance of responsibility as mitigating factors. *See Sensback,* 720 N.E.2d at 1164–1165.

### 2. *Lack of Criminal History*

Page argues that the trial court gave no weight to his lack of criminal history. We disagree. The trial court recognized Page's lack of criminal history as a mitigator but discounted the value of this mitigator. Specifically, the trial court stated, "The court finds as mitigating circumstances that he has some criminal history, arguably it's not significant, but a weapons charge and another pending crime of violence along with these three crimes of

violence, I don't think the mitigators are worth much." Transcript at 34. Page asks us to review the weight given to this mitigating factor for abuse of discretion, which we cannot do.[3] *See Anglemyer,* 868 N.E.2d at 491 (holding that the relative weight or value assignable to aggravating and mitigating factors properly found is not subject to review for abuse of discretion).

### B. *Aggravators*

■■■ Page appears to argue that the trial court abused its discretion by considering Johnson's injury as an aggravator.[4] Page argues that the trial court "improperly engaged in evaluating injury to the victim under a theory that Defendant could [have been] charged as a Class B felony, in order to justify consecutive sentencing."[5] Appellant's Brief at 7. Page also argues that evaluating the injury to the victim was improper because he "was charged with Class C felonies and the trial Court could only make such an evaluation as a victim impact aggravator, and not under legal [sic] premise that the offense should have been charged as a Class B felony." *Id.* at 7–8.

In *Swain v. State,* 870 N.E.2d 1058, 1059 (Ind.Ct.App.2007), another panel of this court held that it is improper for a trial court to rely on the element of a higher offense which is dismissed or not filed in exchange for a guilty plea to a lesser

---

3. Page also argues that the trial court abused its discretion by considering his criminal history as an aggravator. As previously discussed, the trial court found Page's criminal history to be a mitigator, and we cannot review the weight given to that mitigator for abuse of discretion.

4. Specifically, the trial court stated:
So to me the aggravator is that this young lady who wouldn't give up here [sic] purse,

who suffered personal injuries and has incurred five thousand dollars ($5,000.00) worth of medical bills ... True enough, it's not out of pocket, but somebody's paying it. It's not like it's a free lunch. I think that's an aggravating factor.
Transcript at 32.

5. Bracketed text appears in original.

charge.[6] The panel relied, in part, on *Conwell v. State*, 542 N.E.2d 1024 (Ind.Ct.App. 1989), which in turn relied on *Hammons v. State*, 493 N.E.2d 1250 (Ind.1986).

In *Hammons*, the trial court sentenced the defendant to twenty years for voluntary manslaughter as a class B felony, 493 N.E.2d at 1251, which was equal to the minimum sentence of twenty years for a class A felony. *See* 35–50–2–1 (1988). On appeal, the defendant argued that the trial court imposed the maximum sentence for voluntary manslaughter to compensate for what he regarded as the jury's error in failing to find him guilty of murder as charged. 493 N.E.2d at 1251. The Indiana Supreme Court held:

> On three different occasions, the trial judge stated for the record that he disagreed with the jury verdict for voluntary manslaughter because there was sufficient evidence for a murder verdict. At the first sentencing hearing he stated, after reciting his assessment, that he therefore would sentence defendant to the maximum term. At the second hearing and in the docket entry, the judge gave his assessment in terms which describe an act of murder and proceeded to impose the same sentence. We conclude that this action is more like the act of compensation for the jury's decision apparent in *Gambill[ v. State*, 436 N.E.2d 301 (Ind.1982),] and not like the skepticism shown in *Wilson[ v. State*, 458 N.E.2d 654 (Ind.1984)]. We therefore remand this cause to the trial court with instructions to re-sentence Hammons to the presumptive term for voluntary manslaughter.

*Id.* at 1253.

In *Conwell*, the trial court sentenced the defendant to eight years for his conviction of burglary as a class C felony. 542 N.E.2d at 1025. The trial court sentenced the defendant beyond the minimum sentence for a class B felony, which is six years. *See* Ind.Code § 35–50–2–1 (1988).[7] This court held:

> In *Hammons v. State* (1986), Ind., 493 N.E.2d 1250, our supreme court held that a trial court may not impose the *maximum sentence* for an offense to compensate for what the trial court regards as the jury's error in failing to find the defendant guilty of the greater offense with which he was charged. Though Conwell's conviction of the lesser offense resulted from a guilty plea rather than a jury verdict, we view the logic of *Hammons* to be controlling. Therefore, when a defendant pleads guilty to an included offense, the element(s) distinguishing it from the greater offense—here, that the building or structure was a dwelling—may not be used as an aggravating circumstance to enhance the sentence. The trial court is entitled to refuse to accept the plea to the included offense, but it may not attempt to sentence *as if the defendant had pled to the greater offense by using the distinguishing element(s) as an aggravating factor.*

542 N.E.2d at 1025 (emphasis added).

 In *Hammons* and *Conwell*, the trial court enhanced the sentence to the point that it was equal to the minimum sentence for the next greater felony. *Hammons*, 493 N.E.2d at 1251; *Conwell*, 542 N.E.2d at 1025. As long as the enhanced sentence does not equal or exceed the minimum sentence of the next greater felony, a trial court may consider the par-

---

**6.** The author of this opinion concurred in result in *Swain*.

**7.** Subsequently amended by Pub.L. No. 98–1998, § 8 (eff. July 1, 1998); Pub.L. No. 243–2001, § 2 (eff. July 1, 2001); Pub.L. No. 291–2001, § 225 (eff. July 1, 2001).

ticular circumstances of a crime.[8] Here, the trial court sentenced Page to four years each on Counts I and II and four years for Count III with two years suspended. These sentences were less than the minimum of the next greater felony. *See* Ind.Code § 35–50–2–1 (2004) (providing that the minimum sentence for a class B felony is six years). Thus, the trial court could consider Johnson's injury.[9]

## C. Consecutive Sentences

█ Page argues that the trial court "improperly engaged in evaluating injury to the victim under a theory that Defendant could [have been] charged as a Class B felony, in order to justify consecutive sentencing."[10] Appellant's Brief at 7. "In order to impose consecutive sentences, a trial court must find at least one aggravating circumstance." *Ortiz v. State,* 766 N.E.2d 370, 377 (Ind.2002); *see* Ind.Code § 35–50–1–2(c). Because Johnson was injured and there were multiple victims, we conclude that consecutive sentences are warranted. *See Sanquenetti v. State,* 727 N.E.2d 437, 443 (Ind.2000) (holding that consecutive sentences were warranted because of the multiple separate and distinct criminal acts).

## II.

█ The next issue is whether Page's sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind.2006).

Our review of the nature of the offense reveals that Page participated in the robbery of Roy, in which Roy was threatened with a switchblade and choked. Later, Page and Broadnax targeted Johnson. When Johnson turned to assist Broadnax, Page grabbed her purse and attempted to steal it from her. Page dragged Johnson to his vehicle where Broadnax was waiting. Page got in the car and Johnson was dragged for a period of time, which resulted in severe bruising to her kidneys. Page also stole Chastain's purse, which contained credit cards, identification, a cell phone, and twenty-five dollars. Page and Broadnax attempted to use the stolen credit cards at a shoe store in the mall and resisted officers when they arrived.

Our review of the character of the offender reveals that Page was nineteen

**8.** The panel in *Swain* also relied on *Carlson v. State,* 716 N.E.2d 469 (Ind.Ct.App.1999). In *Carlson,* the trial court sentenced the defendant to twelve years with two years suspended for dealing in cocaine as a class B felony, which did not equal or exceed the minimum sentence of the next greater felony. *See* Ind. Code § 35–50–2–1 (1992) (providing that the minimum sentence for a class A felony is twenty years). The panel relied on *Conwell* to conclude that the distinguishing element, i.e. the amount of cocaine in the defendant's possession equaling three grams or more, could not be properly used as an aggravating factor with which to enhance the defendant's sentence. *Id.* at 473. We decline to follow *Carlson.*

**9.** Page argues that the trial court "improperly engaged in evaluating injury to the victim under a theory that Defendant could [have been] charged as a Class B felony, in order to justify consecutive sentencing." Appellant's Brief at 7. Because we conclude that the trial court properly used Johnson's injury as an aggravator, we cannot say that the trial court improperly engaged in evaluating Johnson's injury to justify consecutive sentencing.

**10.** Bracketed text appears in original.

years old at the time of the offenses and had a pending charge of battery. Page pleaded guilty as charged, and the State promised not to file any additional or enhanced charges. After due consideration of the trial court's decision, we cannot say that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *See, e.g., Patterson v. State*, 846 N.E.2d 723, 731 (Ind.Ct.App. 2006) (holding that the defendant's sentence for robbery was not inappropriate).

For the foregoing reasons, we affirm Page's sentence for three counts of robbery as class C felonies.

Affirmed.

RILEY, J. and FRIEDLANDER, J. concur.