Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 30 2014, 10:01 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**P. JEFFRY SCHLESINGER**
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

BERNARD A. BURRELL,               )
                                  )
    Appellant-Defendant,          )
                                  )
        vs.               )    No. 45A03-1311-CR-431
                                  )
STATE OF INDIANA,                 )
                                  )
    Appellee-Plaintiff.           )

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Clarence D. Murray, Judge
Cause No. 45G02-1010-FA-40

**June 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**GARRARD, Senior Judge**

Bernard Burrell was charged with three counts of dealing in cocaine as Class A felonies, and one count of dealing in cocaine as a Class B felony. *See* Ind. Code §35-48-4-1 (2006). He entered into a plea agreement with the State to plead guilty to the Class B felony, in exchange for which all of the Class A felonies would be dismissed. Under the agreement, the parties were free to argue the appropriate sentence but agreed the sentence would be capped at twelve years.[1]

The trial court found Burrell's criminal record, which included one juvenile adjudication, one misdemeanor, and five felony convictions, to be an aggravating circumstance. It found Burrell's admission of guilt, thus saving the time and expense of trial, to be a mitigator. The trial court determined the aggravating factor outweighed the mitigating factor and sentenced Burrell to twelve years as permitted by the plea agreement with eleven years executed and one year suspended to probation.

The only error Burrell alleges on appeal is that the trial court should have found the small amount of cocaine involved in this offense to be an additional mitigating factor and imposed only the advisory sentence.

Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

---

[1] Pursuant to Indiana Code section 35-50-2-5 (2005), the maximum sentence for a Class B felony is twenty years, and the advisory sentence is ten years.

One way in which a trial court may abuse its discretion is by entering a sentencing statement that omits mitigating factors that are clearly supported by the record and advanced for consideration. *Id.* at 490-91.

The finding of mitigating circumstances is not mandatory but is within the discretion of the trial court. *Page v. State*, 878 N.E.2d 404, 408 (Ind. Ct. App. 2007), *trans. denied*. Further, the trial court is neither obligated to accept the defendant's arguments as to what constitutes a mitigating factor nor required to give the same weight to a proffered mitigating factor as does the defendant. *Id.* An allegation that the trial court failed to identify or find a mitigating factor requires the defendant on appeal to establish that the mitigating evidence is both significant and clearly supported by the record. *Id.*

The statute defining the offense of dealing in cocaine states that if the amount of the drug involved weighs three grams or more the offense is elevated to a Class A felony. Ind. Code § 35-48-4-1(b)(1). However, it provides no distinction concerning lesser amounts. Additionally, at the time Burrell committed this offense and was sentenced, Indiana Code section 35-38-1-7.1(b) (2008) enumerated eleven instances that might be considered to be mitigators. The amount of an unlawful drug is not among them.

The trial court considered Burrell's argument and observed that it had never considered the amount of the substance to be a mitigating factor and believed that the legislature was of the same view. Thus, the trial court considered the amount of cocaine involved in this offense but did not find it to be a significant mitigating circumstance, and the court was well within its discretion to do so.

Affirmed.

RILEY, J., and MAY, J., concur.