**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana
Indianapolis, Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LARRY GENTRY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 24A04-1403-CR-144 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE FRANKLIN CIRCUIT COURT
The Honorable J. Steven Cox, Judge
Cause No. 24C01-1202-FB-179

**January 23, 2015**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SULLIVAN, Senior Judge**

Larry Gentry appeals the sentence he received following his plea of guilty to the offense of operating a vehicle while intoxicated resulting in death, a Class B felony. Ind. Code § 9-30-5-5(b)(1)(A) (2010). We affirm.

On September 27, 2011, Gentry crashed his car, killing his close friend and passenger, Calvin Offill, Jr. At the scene of the accident, the investigating officer detected the odor of alcohol on Gentry's breath and person, and Gentry told the officer that he was the driver of the vehicle. The supplement to the officer's report for this incident states that the Indiana State Department of Toxicology found Gentry's blood alcohol content to be .15 gram of alcohol per one hundred milliliters of blood the night of the accident. Gentry pleaded guilty to the offense of operating a vehicle while intoxicated resulting in death and was sentenced to twenty years with five years suspended to probation. It is from this sentence that he now appeals.

Gentry raises one issue, which we restate as: whether the trial court abused its discretion in sentencing him by failing to properly consider his plea of guilty and his remorse as mitigating factors.

Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Id. When imposing a sentence for a felony, a trial court must enter a sentencing statement including reasonably detailed reasons for imposing a particular sentence. Id. at 491. A

2

trial court abuses its discretion when it fails to issue a sentencing statement, gives reasons for imposing a sentence that are not supported by the record, omits reasons clearly supported by the record and advanced for consideration, or considers reasons that are improper as a matter of law. Id. at 490-91.

The finding of mitigating circumstances is not mandatory but is instead within the discretion of the trial court. Page v. State, 878 N.E.2d 404, 408 (Ind. Ct. App. 2007), trans. denied. Further, the court is neither obligated to accept the defendant's arguments as to what constitutes a mitigating factor nor required to give the same weight to a proffered mitigating factor as does the defendant. Id. An allegation that the trial court failed to identify or find a mitigating factor requires the defendant on appeal to establish that the mitigating evidence is both significant and clearly supported by the record. Id.

A guilty plea is not automatically a significant mitigating factor. Brown v. State, 907 N.E.2d 591, 594 (Ind. Ct. App. 2009). For example, a guilty plea may not be a significant mitigator when a defendant has already received a substantial benefit from the plea agreement or when the evidence against the defendant is such that the decision to plead guilty is merely a pragmatic one. Id.

In his brief to this Court, Gentry claims that he saved the State the trouble and expense of a jury trial by pleading guilty. Although Gentry did plead guilty, he did so on the morning of trial when the prospective jurors were already assembled in the courtroom. Moreover, the State had significant evidence against Gentry, including his admission that he was driving the vehicle at the time of the crash, the officer's observations of Gentry at the crash scene, and the toxicology report of his blood alcohol level. Thus, Gentry's

3

decision to plead guilty was a pragmatic one, and the trial court was not obliged to find his plea a significant mitigating factor.

Next, Gentry states that the trial court "did not dispute [he] was remorseful" but failed to mention the "weighing of mitigating circumstances or a delineation of how Gentry's remorse . . . figured into its determination." Appellant's Br. p. 11. With regard to Gentry's remorse, the court stated:

> I do believe, and I think it's properly argued that the defendant is remorseful. I think the testimony is clear that the remorse comes more out of the fact that he and the defendant . . . the victim were close and considered each other family in a father, son sort of way. Uh, and when the cloud of intoxication, uh, you know, dissipates, and you realize what has happened, you know, I . . . I expect that there would be remorse, and he's noted that today and it . . . and it is certainly believed by the Court that, that's his feeling.

Sentencing Tr. p. 56.

We first note that the relative weight the trial court assigns to aggravating and mitigating factors is no longer subject to judicial review. Webb v. State, 941 N.E.2d 1082, 1088 (Ind. Ct. App. 2011) (citing Anglemyer, 868 N.E.2d at 491), trans. denied. To the extent that Gentry's argument is that the trial court failed to provide a reasonably detailed explanation for imposing this particular sentence, we disagree. A review of the sentencing transcript reveals that the trial court considered Gentry's remorse, as noted above, and also noted aggravating circumstances. With regard to Gentry's criminal history, the court stated:

> This particular record is actually to the level of being obnoxious in terms of the D.U.I.'s, the very same behavior over and over, over a span of years. The times he's been on probation. The times that the defendant has either been in . . . ordered for rehabilitation or been supervised to try to [curb] this

4

behavior to make sure this doesn't happen again, and yet here we sit. And not just another D.U.I., but escalated to [the] point where life was lost.

This fact pattern, this situation absolutely screams for the maximum of twenty years with the Franklin . . . with the Indiana Department of Correction[ ] because nothing in that record, nothing in that prior record, nothing in the sentences that this defendant has received has kept him from being here today. He's not rehabilitated. He[] hasn't taken advantage of any of those opportunities to change his behavior. He just went right back and lived the way he had been living, and now sadly Calvin isn't with us.

Sentencing Tr. p. 54, 57. The court also indicated its dissatisfaction with what it considered to be Gentry's lack of candor with the information he provided for the presentence report and stated, "[T]he Pre-Sentence Report and the prior sentences more than outweigh those things which were argued as mitigators."[1] Id. at 55. Although the court believed this case called for the maximum twenty-year sentence, it deferred to the recommendation of the State and the victim's family and suspended five years of Gentry's sentence. We find no abuse of discretion by the trial court.

For the reasons stated, we conclude that the trial court did not abuse its discretion in sentencing Gentry to twenty years with five years suspended to probation.

Affirmed.

VAIDIK, C.J., and MATHIAS, J., concur.

---

[1] Gentry argued that when he denied using drugs, he did not think that marijuana constituted a drug like cocaine or heroin.