## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 25 2015, 9:35 am
CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Christopher L. Clerc<br>Columbus, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | Karl M. Scharnberg<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bayley Joy Smith,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 25, 2015<br><br>Court of Appeals Case No.<br>03A01-1409-CR-371<br><br>Appeal from the Bartholomew<br>Superior Court.<br>The Honorable James D. Worton,<br>Judge.<br>Cause No. 03D01-1403-FB-1105 |

**Sharpnack, Senior Judge**

# Statement of the Case

[1]   Bayley Joy Smith appeals the sentence the trial court imposed following her plea of guilty to one count of dealing in a schedule I controlled substance.  Ind. Code § 35-48-4-2 (2011).  We affirm.

# Issue

Smith raises one issue, which we restate as: whether the trial court abused its discretion in sentencing Smith.

# Facts and Procedural History

The State charged Smith with two counts of dealing in a schedule I controlled substance (heroin), both Class B felonies. Smith and the State entered into a plea agreement. Under the terms of the deal, Smith agreed to plead guilty to one count of dealing in a schedule I controlled substance, a Class B felony. In exchange, the State agreed to: (1) dismiss the other count; (2) refrain from amending the remaining charge based on Smith committing her offense within 1000 feet of a family housing complex; and (3) cap the executed portion of Smith's sentence at eight years.

The trial court accepted the plea agreement and scheduled a sentencing hearing. After hearing evidence and the parties' arguments, the court determined that Smith's history of criminal behavior was "a slight aggravator." Appellant's Br. p. 6.[1] The court declined to find any mitigating factors. Based on these considerations, the court sentenced Smith to ten years, with six years suspended on probation. The court further ordered that Smith would serve four years of her probation in a community corrections program.

---

[1] Smith included the sentencing order in her Brief but not in her Appendix.

[5] Smith filed a motion to correct error, asking the trial court to reconsider her sentence. The court held a hearing, after which it granted the motion in part and denied it in part. Specifically, the court eliminated Smith's history of criminal behavior as an aggravating factor. The court also stated that it would retain jurisdiction over the case and consider sentence modification if Smith completed a therapeutic program while incarcerated. The court did not otherwise revise Smith's sentence. This appeal followed.

## Discussion and Decision

[6] Smith argues that the trial court erred by overlooking several mitigating factors.[2] Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the trial court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

[7] When imposing a sentence for a felony, a trial court must enter a sentencing statement, including reasonably detailed reasons for imposing a particular sentence. *Id.* at 491. A trial court may abuse its sentencing discretion in several ways, including: (1) failing to issue a sentencing statement; (2) entering a sentencing statement that explains reasons for the sentence, but the record does

---

[2] She does not argue that her sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

not support the reasons; (3) omitting reasons clearly supported by the record and advanced for consideration; or (4) stating reasons that are improper as a matter of law. *Kimbrough v. State*, 979 N.E.2d 625, 628 (Ind. 2012).

[8] A finding of mitigating circumstances is not mandatory but is within the discretion of the trial court. *Page v. State*, 878 N.E.2d 404, 408 (Ind. Ct. App. 2007), *trans. denied*. The court is not obligated to accept the defendant's argument concerning what constitutes a mitigating factor. *Barker v. State*, 994 N.E.2d 306, 311 (Ind. Ct. App. 2013), *trans. denied*. In order to show that the court abused its discretion in failing to find a mitigating factor, the defendant must establish that the mitigating evidence is both significant and clearly supported by the record. *Rogers v. State*, 958 N.E.2d 4, 9 (Ind. Ct. App. 2011).

[9] Smith argues that her guilty plea was a valid and significant mitigating circumstance. The trial court was clearly aware of Smith's guilty plea because it approved the plea agreement and sentenced Smith according to the agreement's terms. A guilty plea is not necessarily a mitigating factor where the defendant receives a substantial benefit from the plea. *Barker*, 994 N.E.2d at 312. In exchange for Smith's guilty plea to one charge, the State dismissed another charge, promised not to seek to amend the remaining charge to a more serious offense, and agreed to a cap on Smith's executed sentence. She received a substantial benefit from her plea, and the trial court did not abuse its discretion.

Smith next argues that the trial court should have determined that her remorse was a mitigating factor. She did not present this argument to the trial court, so it is waived for appellate review. *McSchooler v. State*, 15 N.E.3d 678, 684 (Ind. Ct. App. 2014). Waiver notwithstanding, the trial court observed Smith's demeanor and was in a better position to evaluate her sincerity or lack thereof. *Barker*, 994 N.E.2d at 312. A trial court's determination of a defendant's remorse is similar to its determination of credibility: without evidence of some impermissible consideration by the trial court, we accept its decision. *Pickens v. State*, 767 N.E.2d 530, 535 (Ind. 2002).

At sentencing, Smith stated that her arrest and incarceration was "a blessing" because it forced her to become sober. Tr. p. 25. This statement is not equivalent to an apology or acceptance of responsibility. Smith points to no other alleged statements of remorse. The trial court did not abuse its discretion in declining to find that Smith's remorse was entitled to mitigating weight.

## Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

Friedlander, J., and Kirsch, J., concur.