## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 26 2016, 9:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Randy M. Fisher
Deputy Public Defender
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Eric John Tulk,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 26, 2016

Court of Appeals Case No.
02A05-1512-CR-2228

Appeal from the Allen Superior Court

The Honorable Wendy W. Davis, Judge

Trial Court Cause No.
02D06-1506-F5-200

**Baker, Judge.**

[1] Eric Tulk appeals the aggregate six-year sentence imposed by the trial court after Tulk was convicted of Dealing in Methamphetamine,[1] a Level 5 felony, Possession of Methamphetamine,[2] a Level 6 felony, and Possession of Chemical Reagents or Precursors With Intent to Manufacture,[3] a Level 6 felony. Tulk argues that the trial court abused its discretion by declining to find one of his proffered mitigators and that the sentence is inappropriate in light of the nature of the offenses and his character. Finding no error and that the sentence is not inappropriate, we affirm.

## Facts

[2] In early June 2015, Tulk and his wife were evicted from their home and began staying with Tulk's friend, William Snare. Tulk and his wife stayed in the Snares' garage while Snare, his wife, and their two minor children lived in the home. At some point, detectives with the Fort Wayne Police Department became suspicious about possible drug-related activity and began surveilling the Snares' home.

[3] Based on their observations, the detectives obtained a search warrant, which they executed on June 23, 2015. The detectives found Tulk and his wife in the garage with an active methamphetamine lab. The garage also contained

---

[1] Ind. Code § 35-48-4-1.1.

[2] I.C. § 35-48-4-6.1.

[3] I.C. § 35-48-4-14.5.

precursors and products consistent with the manufacture of methamphetamine, including bottles of "liquid fire," coffee filters, chunks of lithium, pen tubes, and straws that tested positive for methamphetamine. Tr. p. 96-98. When Tulk was taken into custody, he smelled strongly of chemicals associated with the manufacture of methamphetamine. The Snares' two children, who were in the home when the search warrant was executed, were taken into custody by the Department of Child Services. The Snares' garage had to be condemned as a result of the dangerous chemicals present in the building.

[4] On June 29, 2015, the State charged Tulk with Level 5 felony dealing in methamphetamine, Level 6 felony possession of methamphetamine, Level 6 felony possession of chemical reagents or precursors with intent to manufacture, and class A misdemeanor possession of paraphernalia. Following Tulk's November 3 and 4, 2015, jury trial, the jury found him guilty of the first three offenses and not guilty of the last. The trial court held a sentencing hearing on November 23, 2015, and sentenced Tulk to concurrent terms of six years for dealing in methamphetamine and two years each for possession of methamphetamine and possession of chemical reagents or precursors. Tulk now appeals.

## Discussion and Decision

## I. Mitigating Factor

[5] First, Tulk argues that the trial court abused its discretion by declining to find his history of substance abuse as a mitigating factor. We will review the trial

court's decision in this regard for an abuse of discretion. A trial court may impose any sentence authorized by statute and must provide a sentencing statement that gives a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). The trial court is not required to accept a defendant's arguments as to what constitutes a mitigating factor, nor is it required to explain why it did not find a factor to be mitigating. *Sherwood v. State*, 749 N.E.2d 36, 38 (Ind. 2001); *Page v. State*, 878 N.E.2d 404, 408 (Ind. Ct. App. 2007).

[6] While a history of substance abuse may be mitigating, this Court has held that "when a defendant is aware of a substance abuse problem but has not taken appropriate steps to treat it, the trial court does not abuse its discretion by rejecting the addiction as a mitigating circumstance." *Hape v. State*, 903 N.E.2d 977, 1002 (Ind. Ct. App. 2009). Here, Tulk states that he has had a substance abuse problem since the age of fifteen. He admits that throughout his life he has abused alcohol, marijuana, powder cocaine, crack cocaine, LSD, heroin, mushrooms, methamphetamine, and opiate prescription pills. He is now forty-four years old, but in the three decades during which he has experienced substance abuse issues, he has participated in substance abuse treatment only once through the Department of Correction. By his own admission, Tulk's substance abuse problem has caused him to commit crimes in the past. Given that Tulk has done little to nothing to address his substance abuse problem, we

find that the trial court did not abuse its discretion by declining to find this to be a mitigator.

## II. Appropriateness

[7] Tulk also argues, pursuant to Indiana Appellate Rule 7(B), that the aggregate six-year sentence imposed by the trial court is inappropriate in light of the nature of the offenses and his character. Rule 7(B) provides that this Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[8] Here, Tulk was convicted of one Level 5 felony and two Level 6 felonies. For the Level 5 felony, Tulk faced a sentence of one to six years, with an advisory term of three years. Ind. Code § 35-50-2-6. Tulk received a maximum six-year term. For the Level 6 felonies, Tulk faced sentences of six months to two and one-half years, with an advisory term of one year. I.C. § 35-50-2-7. He received a two-year term for each of these convictions. All terms were ordered to be served concurrently, meaning Tulk received an aggregate sentence of six years. Additionally, the trial court placed Tulk into a therapeutic incarceration community that is specifically targeted at ameliorating his methamphetamine

use, and also noted that it would consider modifying his sentence upon his successful completion of that program.

[9] As for the nature of Tulk's offenses, he was manufacturing methamphetamine at a home in which he was staying as a guest. There were two minor children present in the home while he was manufacturing the drug. Our Supreme Court has recognized that the process of manufacturing methamphetamine is very dangerous and poses a high risk of explosion and fire. *Holder v. State*, 847 N.E.2d 930, 939-40 (Ind. 2006). Tulk's actions placed multiple innocent lives in immediate danger. Moreover, the Snares' home was raided by a SWAT team, two children were taken into custody by the Department of Child Services, and the garage had to be condemned because of the hazardous chemicals, all as a result of Tulk's actions. We do not find that the nature of Tulk's offenses aids his inappropriateness argument.

[10] With respect to Tulk's character, we observe that he has a lengthy and significant criminal history. Specifically, he has amassed six juvenile adjudications, three misdemeanor convictions, and eight felony convictions, across two states. Tulk has five prior convictions for burglary alone, which he admits were committed to support his substance abuse behaviors. He has been afforded lenient sentences in the past, including probation and parole on multiple occasions, but has violated the terms of those lenient sentences at least four times. All prior attempts to rehabilitate Tulk have failed, and his behavior creates a threat to the community. His character evinces an unwillingness or inability to respect the rule of law and his fellow citizens.

[11] The trial court told Tulk that "I'm not sure what else the County can do for you. We've done everything we can, and rehabilitation has failed." Tr. p. 11. Given this record, we cannot say that the trial court erred in drawing this conclusion. We note that the trial court showed admirable leniency in placing Tulk in a therapeutic incarceration community and in remaining open to modifying Tulk's sentence if he successfully completes that program. In sum, we find that the aggregate six-year sentence imposed by the trial court is not inappropriate in light of the nature of the offenses and Tulk's character.

[12] The judgment of the trial court is affirmed.

May, J., and Brown, J., concur.