## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 05 2020, 7:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General

Matthew J. Goldsmith
Certified Legal Intern
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Alexander Isaiah Garcia-Johnson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 5, 2020 <br><br> Court of Appeals Case No. 19A-CR-1213 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Steven P. Meyer, Judge <br><br> Trial Court Cause No. 79D02-1811-F4-45 |

**Friedlander, Senior Judge.**

[1]     Alexander Garcia-Johnson appeals his sentence for his conviction of possession of a firearm by a serious violent felon, a Level 4 felony.[1]

[2]     The sole issue presented on appeal is whether Garcia-Johnson's sentence is inappropriate.

[3]     On November 18, 2018 at approximately 4:30 a.m., officers were dispatched to a residence for a report of a shooting. When they arrived, they spoke with a female who reported being awakened and entering her living room to see a male she knew as "Alex" with a handgun. Based on the description, officers determined that "Alex" was Garcia-Johnson. They spoke with Garcia-Johnson who acknowledged that he had been present at the residence and in possession of a firearm.

[4]     Based upon this incident and a prior conviction of Level 4 felony burglary, Garcia-Johnson was charged with unlawful possession of a firearm by a serious violent felon as a Level 4 felony. Garcia-Johnson pleaded guilty as charged, and the court sentenced him to eight years. This appeal ensued.

[5]     Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Thompson v. State*, 5 N.E.3d 383 (Ind. Ct. App. 2014).

---

[1] Ind. Code § 35-47-4-5 (2018).

However, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). The principal role of appellate review under Rule 7(B) is to attempt to leaven the outliers, not to achieve a perceived "correct" result in each case. *Garner v. State*, 7 N.E.3d 1012 (Ind. Ct. App. 2014). The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073 (Ind. 2006).

[6] To assess whether the sentence is inappropriate, we look first to the statutory range established for the level of the offense. The advisory sentence for a Level 4 felony is six years, with a minimum sentence of two years and a maximum of twelve. Ind. Code § 35-50-2-5.5 (2014). Garcia-Johnson's sentence of eight years is only modestly above the advisory and well below the maximum.

[7] Next, we look to the nature of the offense and the character of the offender. With regard to the nature of the offense, the sparse facts indicate that a female awoke at 4:30 in the morning to find Garcia-Johnson in her residence with a handgun. There is also a brief mention, without further explanation or details, that this crime resulted in a death.

[8] As for the character of the offender, Garcia-Johnson emphasizes his guilty plea, family support, mental health, and age. A guilty plea does not automatically amount to a significant mitigating factor. *Powell v. State*, 895 N.E.2d 1259 (Ind.

Ct. App. 2008), *trans. denied*. For instance, a guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one. *Id.* Here, Garcia-Johnson's plea was pragmatic because he admitted his guilt to the police. Further, the plea agreement called for his admission to pending probation violations in exchange for which the State agreed to recommend no additional sanctions. In light of these circumstances, Garcia-Johnson's plea was not necessarily deserving of significant mitigating effect, yet the trial court considered the plea as such.

[9] Garcia-Johnson claims that his good character is demonstrated by his strong family support. Despite questioning Garcia-Johnson's failure to take advantage of that support in the past to avoid his current situation, the trial court recognized his family support as a mitigator.

[10] Garcia-Johnson also contends that his mental health issues and intellectual impairments warrant a reduced sentence; yet, there is nothing in the record indicating that his mental health issues were responsible for his decision-making process on the day of this offense. *See Corralez v. State*, 815 N.E.2d 1023 (Ind. Ct. App. 2004) (stating that there must be nexus between defendant's mental health and crime in question in order for mental history to be considered mitigating factor). Nevertheless, the trial court recognized Garcia-Johnson's mental health issues as a mitigating circumstance.

[11] The finding of mitigating circumstances is not mandatory but is within the discretion of the trial court. *Page v. State*, 878 N.E.2d 404 (Ind. Ct. App. 2007), *trans. denied*. Further, the court is not obligated to give the same weight to a proffered mitigating factor as does the defendant. *Id.* Garcia-Johnson presents this Court with the same mitigating factors he argued to the trial court. The trial court found these factors to be mitigating, and Garcia-Johnson presents no additional information to this Court to support a result different from that reached by the trial court.

[12] Garcia-Johnson additionally suggests that his age (twenty-one) justifies a reduced sentence. "'Age is neither a statutory nor a per se mitigating factor.'" *Bostick v. State*, 804 N.E.2d 218, 225 (Ind. Ct. App. 2004) (quoting *Monegan v. State*, 756 N.E.2d 499, 504 (Ind. 2001)). Further, twenty-one years old is past the age that our courts have afforded special consideration. *See, e.g.*, *Corcoran v. State*, 774 N.E.2d 495, 500 (Ind. 2002) (holding that age of defendant, twenty-two, was "well past the age of sixteen where the law requires special treatment"); *Monegan*, 756 N.E.2d 499 (holding that trial court did not err in failing to give significant weight to the age of an almost eighteen-year-old defendant); *Ketcham v. State*, 780 N.E.2d 1171 (Ind. Ct. App. 2003) (holding that failure to give mitigating weight to defendant's age, twenty, at the time of the crime was not error), *trans. denied*. Garcia-Johnson reasons that he is young and still capable of rehabilitation. We need only review his criminal history, however, to see that he has squandered numerous opportunities for rehabilitation and conclude otherwise.

[13]     We observe that Garcia-Johnson's criminal history is not insignificant, and even a minor criminal history is a poor reflection of a defendant's character. *Moss v. State*, 13 N.E.3d 440 (Ind. Ct. App. 2014), *trans. denied*. When considering Garcia-Johnson's history at sentencing, the trial court characterized it as having "ramped up in the last two years" and stated that "since 2016, we have one, two, three, four, five, six criminal contacts in a very short period of time." Tr. Vol. 2, p. 43.

[14]     Garcia-Johnson's documented criminal history began as a juvenile in 2014 with two incidents that were not adjudicated. As an adult, Garcia-Johnson was convicted of misdemeanor possession of marijuana in 2016. During the pendency of the case, he violated the terms of his pre-trial release, causing the State to file two separate motions to revoke his bond. Upon being convicted, he was sentenced to community corrections, but that program subsequently filed a petition for him to execute his sentence in custody due to a violation.

[15]     Also in 2016, Garcia-Johnson was convicted of felony burglary, causing the enhancement of the current charge. For his burglary conviction, he was sentenced to the DOC but was permitted to serve his sentence in community corrections. That program later filed a motion to commit him to the DOC due to a violation. In addition, once Garcia-Johnson was released on probation, at least two petitions to revoke were filed, and twice he failed to appear.

[16] In 2018, Garcia-Johnson was convicted of misdemeanor possession of paraphernalia and given a suspended sentence. Once again, a petition to revoke his probation was filed.

[17] In 2019, Garcia-Johnson was convicted of felony possession of marijuana. During the pendency of the case, the State filed a motion to revoke his bond for a violation of the terms of his pre-trial release.

[18] Furthermore, Garcia-Johnson was on probation in two different cases and on bond in a third case when he committed the present offense. A defendant's commission of an offense while on probation is a "substantial consideration" in our assessment of his character. *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*.

[19] As his criminal history demonstrates, Garcia-Johnson has been offered several chances to pull himself together and live a law-abiding life and has chosen instead to continue to disobey the laws of society. The court aptly summarized this notion in its remarks at sentencing: "So you're just on this collision course that you can't seem to break, even with the help that the Court has offered and given you in these various cases through probation, through community corrections. It's not working." Tr. Vol. 2, p. 43.

[20] Considering both the nature of the offense and the character of the offender and giving due consideration to the trial court's sentencing decision, we are unable to conclude that Garcia-Johnson's sentence is inappropriate.

[21] Judgment affirmed.

Bradford, C.J., and Riley, J., concur.