## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 22 2020, 6:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
McKown Whitehurst & Myers LLP
Marion, Indiana

ATTORNEY FOR APPELLEE

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James Monteze Johnson, *Appellant-Defendant,* | May 22, 2020 |
| v. | Court of Appeals Case No. 19A-CR-2160 |
| | Appeal from the Grant Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Jeffrey D. Todd, Judge |
| | Trial Court Cause No. 27D01-1504-F2-3 |

**Darden, Senior Judge.**

# Statement of the Case

[1] James Johnson appeals the sentence he received for his conviction of possession of a narcotic drug, a Level 5 felony.[1] We affirm.

# Issue

[2] Johnson presents one issue for our review, which we restate as: whether his sentence is inappropriate.

# Facts and Procedural History

[3] These are the facts most favorable to the jury's verdict. In April 2015, members of the JEAN (Joint Effort Against Narcotics) team in Marion began conducting surveillance of a residence after receiving a tip that illegal drug activity was taking place there. While conducting their surveillance, team members identified a vehicle parked at the property that they determined was registered to Ashlee Holmes. The team also determined that Holmes had an active warrant.

[4] On April 3, Detective Wells and other members of JEAN were conducting surveillance of the residence when they observed Holmes exit the residence, enter her vehicle with a male, who was later identified as Johnson, and proceed down an alley. The JEAN team followed the vehicle and observed Johnson look back over his shoulder and then reach down toward the floorboard. The

---

[1] Ind. Code § 35-48-4-6 (2014).

team intended to radio an officer in a marked police vehicle to conduct a traffic stop of Holmes' vehicle; however, before they could do so, Holmes' vehicle came to an abrupt stop in the alley, and Johnson quickly exited and began walking away from the car. Detective Wells and another detective ordered Johnson to stop and approached him. As they did so, the officers smelled the odor of raw marijuana emanating from the vehicle. The detectives made contact with Johnson, patted him down for weapons, and arrested him.

[5] As Detective Wells and the other officer were speaking with Johnson, Detective Sergeant Kauffman, who was the supervisor of JEAN, approached Holmes and asked her to exit the car. As he did so, he also smelled the odor of raw marijuana coming from the vehicle. Because Holmes was being arrested on her outstanding warrant, and Johnson did not have a valid driver's license, the officers made the decision to tow the car. The officers performed an inventory search of the car and discovered a white, plastic grocery bag looped around the gear shift. Inside the white bag were clear plastic bags containing a green leafy substance, a white rock-type substance, and a tan powder substance. The substances were later identified to be marijuana, cocaine, and heroin, respectively. A set of digital scales was also discovered in the back pocket of the passenger seat. In addition, DNA that was retrieved from pieces of the plastic baggies matched a DNA sample obtained from Johnson.

[6] The State charged Johnson with dealing in cocaine, a Level 2 felony; possession of a narcotic drug, a Level 5 felony; and dealing in marijuana, a Level 6 felony. Following a jury trial June 25-27, 2018, the jury returned a verdict of guilty on

the charge of possession of a narcotic drug as a Level 6 felony and verdicts of not guilty on the remaining two charges. Johnson waived trial by jury on the enhancement of the possession charge due to a prior conviction, and the court, after hearing evidence, found him guilty of the Level 5 felony. On August 19, 2019, the court sentenced Johnson to five and one-half years. Johnson now appeals.

## Discussion and Decision

[7] Although Johnson frames his issue on appeal as whether the trial court abused its discretion in sentencing him, the argument section of his brief sets forth the standard for review of a sentence under Appellate Rule 7(B). Johnson, however, fails to present any argument on this or any other issue. Nonetheless, we will review his sentence under the inappropriateness standard. *See Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003) (noting Court's preference for deciding cases on their merits).

[8] Although a trial court may have acted within its lawful discretion in imposing a sentence, article VII, sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014). However, "we must and should exercise deference to a trial court's

sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). Such deference to the trial court's judgment should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character). *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Thus, the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[9] To assess whether a sentence is inappropriate, we look first to the statutory range established for the class of the offense. Here, Johnson was convicted of a Level 5 felony, for which the advisory sentence is three years, with a minimum sentence of one year and a maximum of six. Ind. Code § 35-50-2-6 (2014). The court sentenced Johnson to five and one-half years.

[10] Next, we look to the nature of the offense. After leaving a residence that was under surveillance for illegal drug activity, Johnson was found to be in possession of heroin.

[11] With regard to the character of the offender, we observe that the trial court found Johnson's criminal history to be an aggravating circumstance and characterized it as "lengthy and serious." Tr. Vol. 2, p. 127. Johnson's criminal history began in 1995 when he was still a juvenile and continued consistently, other than a period when he was incarcerated, through 2018. His juvenile history consists of: felony theft in 1995; incorrigibility in 1998; misdemeanor illegal possession of alcoholic beverage and curfew violation in 1999; misdemeanor battery with bodily injury, curfew violation, misdemeanor conversion, and misdemeanor battery in 1999, as well as two probation violations in that cause; and a probation violation in another cause in 2000. Johnson's adult history involves: two different causes of misdemeanor illegal possession of alcoholic beverage in 2000; misdemeanor possession of marijuana with a probation violation in 2000; misdemeanor battery with a probation violation in 2001; misdemeanor illegal possession of an alcoholic beverage in 2001; misdemeanor resisting in 2002; misdemeanor carrying a handgun without a license in 2003; felony dealing in cocaine or narcotic drug in 2004 for which he was sentenced to ten years; felony resisting, probation violation, and home detention violation in 2012; misdemeanor possession of marijuana and a probation violation in 2012; felony nonsupport of a dependent in 2013; felony residential entry and misdemeanor harassment in 2016; misdemeanor visiting a common nuisance (controlled substance) in 2018; and, pending at his sentencing in this cause, felony dealing in a narcotic drug, felony dealing in methamphetamine, felony delivery of methamphetamine, felony corrupt business influence, felony maintaining a common nuisance (controlled

substance), misdemeanor possession of marijuana, and misdemeanor possession of paraphernalia in 2018.

[12] Even a minor criminal history is a poor reflection of a defendant's character. *Moss v. State*, 13 N.E.3d 440, 448 (Ind. Ct. App. 2014), *trans. denied*. Yet, Johnson's criminal history is far from minor. In sentencing Johnson, his history led the court to proclaim, "[W]e're consistently told by the Court of Appeals that the maximum sentence is reserved for the worst o[f] the worst. I don't find Mr. Johnson to be the worst of the worst, but he's not a long way from it. I have to admit that." Tr. Vol. 2, pp. 127-28.

[13] Moreover, Indiana Code section 35-38-1-7.1(a)(6) (2014) provides that, in determining a defendant's sentence, the court may consider as an aggravating circumstance the fact that the defendant recently violated conditions of probation, community corrections placement, or pretrial release. At Johnson's sentencing, the trial court correctly noted that Johnson had violated the conditions of his probation several times, as well as violating the terms of his home detention. The court determined these violations to be a second aggravating circumstance. Such violations are a significant indicator of poor character. *See Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008) (determining that defendant's commission of offenses while on probation is "substantial consideration" in assessment of his character), *trans. denied*.

[14] Additionally, we note that in this cause Johnson's bond was also revoked. He had bonded out of jail on March 1, 2017, and, in January 2018, the State filed a

motion to revoke his bond when he was charged with five additional felony and two misdemeanor drug charges and was found with stolen handguns, a rifle, a shotgun, ammunition, several high-capacity handgun magazines, and $20,000 in cash.

[15] Johnson's sole argument on appeal is that his sentence is inappropriate in light of the mitigating circumstance that he cooperated with law enforcement regarding a homicide.

[16] At Johnson's sentencing hearing, Detective Captain Young testified that Johnson took and passed a polygraph with regard to a 2015 unsolved homicide. However, the detective also testified that Johnson is a flight risk and that, although he provided the police with insight, it was not enough information to support the filing of charges. As requested by Johnson, the trial court found his cooperation to be a mitigator but did not give it as much weight as Johnson does: "I don't give that great weight. I find it to be mostly self-serving in an effort to, um, reduce the sentence on the case here today." Tr. Vol. 2, p. 127.

[17] The finding of mitigating circumstances is not mandatory but is within the discretion of the trial court. *Page v. State*, 878 N.E.2d 404, 408 (Ind. Ct. App. 2007), *trans. denied*. Further, the court is not obligated to give the same weight to a proffered mitigating factor as does the defendant. *Id.* The trial court found this factor to be mitigating, and Johnson presents no additional information to this Court to support a different result than that reached by the trial court. Thus, Johnson has not met his burden of presenting compelling evidence

portraying in a positive light the nature of the offense and his character in order to overcome the trial court's sentencing decision.

# Conclusion

[18] Considering both the nature of the offense and the character of the offender and giving due consideration to the trial court's sentencing decision, we are not persuaded that Johnson's five and one-half year sentence is inappropriate.

[19] Affirmed.

Najam, J., and Vaidik, J., concur.