## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 31 2018, 7:02 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Russell B. Cate
Cate Terry & Gookins LLC
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela Sanchez
Assistant Section Chief, Criminal
Appeals
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

Amber Nicole Swoboda,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 31, 2018

Court of Appeals Case No.
18A-CR-1334

Appeal from the Hamilton
Superior Court

The Honorable J. Richard
Campbell, Judge

Trial Court Cause No.
29D04-1609-F6-6925

**Sharpnack, Senior Judge.**

# Statement of the Case

Amber Swoboda appeals her conviction of theft as a Level 6 felony[1] and her sentence thereon. We affirm.

# Issues

Swoboda presents two issues for our review, which we restate as:

> I. Whether there was sufficient evidence to sustain Swoboda's conviction of theft.

> II. Whether the trial court erred in sentencing Swoboda and whether it imposed a sentence that is inappropriate.

# Facts and Procedural History

The facts most favorable to the verdict follow. In June 2016, Swoboda took a television from a Wal-Mart store without paying for it. She was charged with theft as a Class A misdemeanor and theft with a prior conviction as a Level 6 felony. Following a jury trial, Swoboda was convicted of the misdemeanor and waived her right to jury trial on the felony charge. She stipulated to the facts contained in the felony information and lodged no objections to the State's documentary evidence for the charge. The court then found her guilty on the felony charge. At sentencing, the court entered judgment on the felony theft

---

[1] Ind. Code § 35-43-4-2 (2014).

conviction and sentenced Swoboda to 545 days, executed. She now appeals her conviction and sentence.

# Discussion and Decision

## I. Sufficiency of the Evidence

[4] Swoboda first contends the State failed to present evidence sufficient to support her theft conviction. When reviewing claims of insufficiency of the evidence, this Court neither reweighs the evidence nor assesses the credibility of the witnesses. *Brasher v. State*, 746 N.E.2d 71, 72 (Ind. 2001). Rather, we look to the evidence most favorable to the verdict and any reasonable inferences drawn therefrom. *Id.* We will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Dillard v. State*, 755 N.E.2d 1085, 1089 (Ind. 2001).

[5] In order to obtain a conviction for theft in this case, the State must have proved beyond a reasonable doubt that (1) Swoboda (2) knowingly (3) exerted unauthorized control over a television that was the property of Wal-Mart (4) with the intent to deprive Wal-Mart of any part of its use or value. Appellant's App. Vol. 2, p. 13; *see* Ind. Code § 35-43-4-2. Swoboda challenges the State's evidence that she knowingly deprived Wal-Mart of the value of the television.

[6] Here, the evidence at trial discloses that Swoboda removed a television from the display in the electronics section of Wal-Mart. The television she selected was not bound with "spider wrap," a merchandise protection tool used on high-dollar merchandise that triggers alarms if not removed before the merchandise

leaves the store.  Tr. Vol. 2, p. 74.  As she made her way through the store, Swoboda spoke with at least one store associate.  At check out, the surveillance video showed Swoboda and the cashier having a conversation during which the cashier attempted to scan the television but then stopped.  Swoboda paid $2.27 in cash for two candy items and then exited the store with the television.

[7]     Conner Campbell, a Wal-Mart asset protection associate at the time of this incident, testified that the significance of Swoboda choosing a television without spider wrap is that shoplifters "will target the items that aren't protected.  It is just one less step they have to do in order to get the item." *Id.* at 75.  Campbell also testified that Swoboda's interaction with at least one store associate is a common tactic that shoplifters use to mask their true intention and indeed caused him to become less suspicious of her and even discontinue his surveillance of her.  Campbell explained that, although Swoboda paid cash for the two items of candy, she also swiped a card in the machine at check out.  However, card payment requires the customer to enter certain information on the keypad, which Swoboda did not do.  Campbell further testified that he examined the store's electronic journal of transactions from that date and the cashier lane used by Swoboda and there were no television sales recorded.  Additionally, he searched the transactions for every register in the store from one hour before Swoboda's check out to one hour after and found no television sales.  The electronic journal showed only one receipt from Swoboda's transaction and that receipt reflected a cash payment of $2.27 for two candy items.  Campbell also testified that Swoboda exited the store through the

entrance doors. He explained that "[a] lot of times when people are taking things they think that there's less chance for a camera to actually see them if they exit the store through the entry." *Id.* at 83.

[8] In addition, the State presented the testimony of Detective Bays who investigated this case and who, prior to becoming a detective, worked as a loss prevention officer in retail stores. During his testimony, he explained some of the more complex behaviors associated with shoplifting, stating that when a person does not want to appear to be a shoplifter, "they don't act like one. They act like a shopper. So, they engage with employees, they spend time in the store, in some cases they bring children." *Id.* at 113. He also described the shoplifter tactic of hiding items in plain sight by telling the cashier they are going to purchase the item at the customer service desk, they are not going to purchase the item and are going to put it back on the shelf, or they have previously purchased the item and are taking it to the customer service desk to return it.

[9] It is well-settled that the State is not required to prove a defendant's intent by direct and positive evidence. *Chastain v. State*, 58 N.E.3d 235, 240 (Ind. Ct. App. 2016), *trans. denied*. Instead, proof of intent may be by circumstantial evidence alone, and knowledge and intent may be inferred from the facts and circumstances of each case. *Id.* Moreover, it is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007). Rather, the evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

[10] In this case, the State showed that Swoboda exhibited some of the more complex behaviors of shoplifters. Additionally, the State presented evidence that she talked to the cashier, at which time he ceased attempting to scan the television, and then she left the store with the $328 television. The State's evidence also showed that no television was purchased by Swoboda or by anyone else throughout the entire store for one hour prior to her check out and for one hour after. These circumstances support a reasonable inference that Swoboda knowingly took the television from Wal-Mart without paying for it. To the extent she is asking that we reweigh the evidence, we cannot accept the invitation. *See Brasher*, 746 N.E.2d at 72.

## II. Sentence

[11] For her second allegation of error, Swoboda claims the trial court erred in sentencing her and that it imposed a sentence that is inappropriate in light of the nature of the offense and her character.

[12] Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable and actual deductions to be drawn therefrom. *Id.*

[13] Swoboda argues that the trial court erred by not considering two mitigating circumstances listed in Indiana Code section 35-38-1-7.1 (2015). This section

provides that the court *may* consider certain factors as mitigating circumstances, including: the crime neither caused nor threatened serious harm to persons or property and the person has made or will make restitution to the victim of the crime. *See* Ind. Code § 35-38-1-7.1(b)(1), (9).

[14] The finding of mitigating circumstances is not mandatory but is within the discretion of the trial court. *Page v. State*, 878 N.E.2d 404, 408 (Ind. Ct. App. 2007), *trans. denied*. Further, the court is neither obligated to accept the defendant's arguments as to what constitutes a mitigating factor nor required to give the same weight to a proffered mitigating factor as does the defendant. *Id.* An allegation that the trial court failed to identify or find a mitigating factor requires the defendant on appeal to establish that the mitigating evidence is both significant and clearly supported by the record. *Id.*

[15] As set forth by the statute, the finding of the listed mitigators is permissive, not mandatory. Further, notwithstanding the fact that Swoboda's crime did not cause anyone serious harm, she did not present this factor to the trial court at sentencing. In addition, although Swoboda testified at sentencing that she was employed, she made no showing of her willingness to pay restitution to Wal-Mart. Rather, she testified that she is "broke all the time," and the information gathered by the probation department for her pre-sentence report indicates her financial status is unstable. Tr. Vol. 2, p. 155. Her monthly income is $1,500, with monthly expenses of $1,250 (including $200 home detention fees from a different case) and approximately $5,000 in past due medical bills. Thus,

Swoboda has failed to establish that these mitigating factors are clearly supported by the record. *See Page*, 878 N.E.2d at 408.

[16] We turn now to Swoboda's claim that her sentence is inappropriate. Although a trial court may have acted within its lawful discretion in imposing a sentence, article VII, sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014). However, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). The principal role of appellate review under Rule 7(B) is to attempt to leaven the outliers, not to achieve a perceived "correct" result in each case. *Garner v. State*, 7 N.E.3d 1012, 1015 (Ind. Ct. App. 2014). In other words, the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[17] To assess whether the sentence is inappropriate, we look first to the statutory range established for the class of the offense. Here, the offense is a Level 6 felony, for which the advisory sentence is one year, with a minimum sentence of six months and a maximum sentence of two and one-half years. Ind. Code § 35-50-2-7(b) (2014). Swoboda was sentenced to 545 days, essentially one and one-half years, which is one year below the maximum.

[18] Next, we look to the nature of the offense and the character of the offender. As to the nature of the current offense, we note that Swoboda, while awaiting placement with community corrections on a separate felony theft conviction, took the television from Wal-Mart without paying for it.

[19] With regard to the character of the offender, we observe that as a juvenile Swoboda was allowed to participate in a diversion program for an offense that, if committed by an adult, would be conversion. For that offense, she also completed a shoplifting program. Swoboda experienced her first adult arrest at age nineteen and now, at age thirty-three, she has amassed a noteworthy criminal history of four misdemeanor and eight felony convictions. Of these misdemeanor convictions, one is for operating while intoxicated and three are for driving while suspended. Of the eight felony convictions, Swoboda has accumulated three for operating while suspended as an habitual traffic violator and two for operating a motor vehicle after lifetime forfeiture of license. Most telling in relation to the instant offense is that she participated in a diversion program for charges of theft and conversion and then accumulated three felony convictions for theft.

[20] In addition, Swoboda has been placed on probation several times, and probation violations were filed in each instance. She also has had several violations when placed in community corrections programs. At sentencing for the present offense, Swoboda had pending a community corrections violation as well as a misdemeanor charge of possession of a controlled substance and felony charges of failure to return to lawful detention, operating a motor vehicle after lifetime forfeiture of license, and possession of a narcotic drug.

[21] Swoboda asserts her sentence is inappropriate given the "low value of the item stolen." Appellant's Br. p. 15. This contention overlooks her history of theft that began as a juvenile and the opportunities of diversion that included programs on shoplifting and theft, both as a juvenile and an adult, of which she failed to take advantage. The significance of a criminal history in assessing a defendant's character and an appropriate sentence varies based on the gravity, nature, and proximity of prior offenses in relation to the current offense, as well as the number of prior offenses. *Sandleben v. State*, 29 N.E.3d 126, 137 (Ind. Ct. App. 2015), *trans. denied*. In summary, of Swoboda's eight adult felony convictions, three are for theft—the same offense here—all of which occurred within the span of three years.

[22] In addition, Swoboda alleges her executed sentence is inappropriate because, if allowed to serve her sentence through community corrections, she could continue her counseling to address her depression, anxiety, and substance abuse. However, there was no evidence that her medical conditions could not be properly treated in prison. *See Henderson v. State*, 848 N.E.2d 341, 344-45

(Ind. Ct. App. 2006) (finding no error in trial court's refusal to consider defendant's poor health as mitigator because she failed to present evidence that her multiple health conditions would be untreatable during incarceration).

Finally, Swoboda raises her ability to remain employed and pay restitution if she serves her sentence in community corrections. However, as we discussed above, there was no showing she was capable of and/or willing to pay restitution.

The trial court's sentencing decision "should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). We find none of these factors present here. Swoboda has not met her burden of persuading us that her sentence is inappropriate. *See Childress*, 848 N.E.2d at 1080.

## Conclusion

For the reasons stated, we conclude that the State presented evidence sufficient to support Swoboda's conviction of theft, that the trial court did not abuse its discretion in sentencing her, and that her sentence is not inappropriate given the nature of the offense and her character.

Affirmed.

Baker, J., and Robb, J., concur.